**Aaron Junior HALL, Appellant**

v.

**The STATE of Texas.**

No. PD–1594–02.

Court of Criminal Appeals of Texas.

May 9, 2007.

Rehearing Denied June 27, 2007.

Anne Wetherhold, Asst. District Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion of the Court, in which MEYERS, PRICE, JOHNSON, and COCHRAN, JJ., joined.

An important issue in this case was whether the offense of aggravated assault by threat is a lesser-included offense of murder. We granted review to resolve ambiguities and conflicts in our decisions about the method of determining whether the allegation of a greater offense includes a lesser offense. We hold that the determination should be made by comparing the elements of the greater offense, as the State pled it in the indictment, with the elements in the statute that defines the lesser offense. We decide that aggravated assault was not a lesser offense included in the offense of murder that was alleged in the indictment in this case.

## I.

The laws in our nation have taken four approaches to lesser-included offenses, which have been labeled "strict-statutory," "cognate-pleadings," "cognate-evidence," and "inherently related." [1]

Some states permit a lesser included-offense instruction only when all of the statutory elements of the lesser offense are contained within the statutory elements of the greater offense.[2] This has been called the strict statutory approach.[3]

Sue Korioth, Dallas, for Appellant.

Many states have found this approach to

1. See generally Russell G. Donaldson, Annotation, Lesser-related State Offense Instructions: Modern Status, 50 A.L.R. 4TH 1081 (1986).

2. See, e.g., State v. Fisher, 141 Ariz. 227, 686 P.2d 750, 770 (1984); State v. Zdiarstek, 53 Wis.2d 776, 193 N.W.2d 833, 838 (1972);.

3. See Christen R. Blair, Constitutional Limitations on the Lesser Included Offense Doctrine, 21 AM. CR. L.REV. 445, 449 (1984).

be inflexible,[4] and have adopted standards that permit an instruction even when the lesser offense is not composed of a subset of the statutory elements of the greater crime. This approach is known as the "cognate" theory, and it is the majority approach.[5] There are two significantly different versions of the cognate theory, which mirror the two divergent lines of authority in our own cases.

One is known as the "cognate-pleadings" approach,[6] in which the court looks to the facts and elements as alleged in the charging instrument, and not just to the statutory elements of the offense, to determine whether there exists a lesser-included offense of the greater charged offense.[7]

The other cognate approach is known as the "cognate-evidence" approach, a more liberal approach in which the court includes the facts adduced at trial in its lesser-included offense analysis.[8]

The fourth, and most liberal, view is the one reflected in the Model Penal Code, which permits a lesser-included offense instruction on any offense that is "inherently related" to the greater offense.[9] At least one state permits lesser-included offenses to be determined solely from the evidence without reference to relationship or the elements of the crime, taking the most expansive portions of the cognate evidence approach and the inherent relationship approach.[10]

## II. Article 37.09

In this state, the answers to questions about lesser-included offenses must be based on Article 37.09 of the Code of Criminal Procedure, which was Texas' first general statute that defined lesser-included offenses.

Before the enactment of Article 37.09 in 1973, the Code of Criminal Procedure did not contain a generally applicable rule for lesser-included offenses. Instead, it specified that certain offenses included certain lesser offenses:

The following offenses include different degrees:

(1) Murder, which includes all the lesser degrees of culpable homicide, and

---

**4.** *See, e.g., State v. Hawkins*, 203 N.W.2d 555, 557 (Iowa 1973) (abandoning the strict statutory approach for an evidentiary-based approach).

**5.** *See* Blair, *supra* note 3, at 449 (noting that the cognate approach is the majority approach); *accord*, Jerrold H. Barnett, *The Lesser Included Offense Doctrine*, 5 CONN. L.REV. 255, 291 (1972).

**6.** *See* Blair, *supra* note 3, at 449.

**7.** *See, e.g., State v. Curtis*, 130 Idaho 522, 944 P.2d 119, 121–22 (1997) (holding that a court looks both to the statutory elements and to the information to determine whether it "charges the accused with a crime the proof of which necessarily includes proof of the acts that constitute the lesser included offense"); *see also* Blair, *supra* note 38, at 449.

**8.** *See, e.g., People v. Beach*, 429 Mich. 450, 418 N.W.2d 861, 866–67 (1988) (applying the "cognate evidence" approach: a lesser-included offense instruction may be given even though all of the statutory elements of the lesser offense are not contained in the greater offense, if the "overlapping elements relate to the common purpose of the statutes" and the specific evidence adduced would support an instruction on the cognate offense).

**9.** *See, e.g., United States v. Whitaker*, 447 F.2d 314, 319 (D.C.Cir.1971), *overruled by Schmuck v. United States*, 489 U.S. 705, 721, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). Some states have adopted the inherent relationship approach without having adopted the Model Penal Code language. *See, e.g., People v. Geiger*, 35 Cal.3d 510, 199 Cal.Rptr. 45, 674 P.2d 1303, 1306–12 (1984), *overruled by People v. Birks*, 19 Cal.4th 108, 77 Cal.Rptr.2d 848, 960 P.2d 1073, 1074–75 (Cal.1998).

**10.** *See State v. Gopher*, 194 Mont. 227, 633 P.2d 1195, 1196–97 (1981).

also an assault with intent to commit murder;

(2) An assault with intent to commit any felony, which includes all assaults of an inferior degree;

(3) Maiming, which includes aggravated and simple assault and battery;

(4) Burglary, which includes every species of house breaking and theft or other felony when charged in the indictment in connection with the burglary;

(5) Riot, which includes unlawful assembly;

(6) Kidnapping or abduction, which includes false imprisonment; and

(7) Every offense against the person includes within it assaults with intent to commit said offense, when such attempt is a violation of the penal law.[11]

Article 37.09 became effective on January 1, 1974, as a conforming amendment in the new Penal Code Act. Rather than providing a list of greater and lesser offenses, it set out general definitions of a lesser-included offense that apply to all offenses:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.[12]

The problematic definition is in Article 37.09(1)—specifically the term "facts required to establish."

### III. *Day v. State*

We gave the term "facts required to establish" two different interpretations in the very first case in which we construed Article 37.09(1): *Day v. State.*[13] One interpretation was in our opinion on original submission, on which we shall rely in this case. The other interpretation was in the opinion on rehearing, which we shall modify and correct.

Day was charged with, and convicted of, burglary with intent to commit theft. He appealed, complaining of the trial court's refusal to charge the jury on a lesser-included offense of criminal trespass. The evidence was that police found Day inside a restaurant, which was not open, at 3 a.m. The front window was broken, a cigarette machine had been broken into, a box containing property from the manager's office was near the cigarette machine, and Day had a letter opener from the office in his pocket.

[Day,] testifying in his own behalf, stated that at approximately 3 a.m. on the date in question he was proceeding past [the restaurant] on the way home from a girlfriend's house. He stated that he observed a man come out of the restaurant and then noticed that a window had been broken out. [He] entered the restaurant through the broken window intending to telephone the police to report the broken window. He stated that the

---

11. Code of Criminal Procedure Act, 59th Leg., R.S., ch.722, § 1, art. 37.09, 1965 Tex. Gen. Laws vol. 2, 317, 463, *repealed by* Penal Code Act of 1973, 63rd Leg., R.S., ch. 399, § 2(A), art. 37.09, 1973 Tex. Gen. Laws 883, 972.

12. Penal Code Act, note 11, *supra.*

13. 532 S.W.2d 302 (Tex.Cr.App.1976).

cigarette machine was already overturned and the cigarette packs already scattered on the floor at the time of his entry. [He] testified that he stepped on the letter opener and then put it in his pocket as a "reflex action." By his testimony, he was unable to find a light switch or telephone and was apprehended by the police approximately two minutes after entry.[14]

In our opinion on original submission in *Day* we established the method of analysis under the new statute. There are two steps in the analysis of whether there may be a conviction for a lesser offense in a particular case. "Our initial inquiry concerns whether criminal trespass is, as the appellant contends, a lesser included offense of burglary."[15] After we determined that it was a lesser-included offense, "Our next inquiry concerns whether there was sufficient evidence at trial to have required the court to submit to the jury the issue of criminal trespass."[16]

We also demonstrated the methods and standards to be used in the two-step analysis. The first step was to determine whether criminal trespass was a lesser-included offense of burglary. We began by setting out the four definitions of a lesser-included offense in Article 37.09.[17] Then we set out the statutory elements of burglary and criminal trespass.[18] Then we compared the elements of the charged offense and the lesser offense and construed some terms in the statutes.[19] We concluded, "Therefore, the elements of criminal trespass, including 'notice,' could be established by proof of the same facts necessary to prove the offense of burglary. The proof of additional facts would not be necessary, and the requirement of Article 37.09(1), Vernon's Ann. C.C.P., would be satisfied. Therefore, we hold that the offense of criminal trespass is a lesser included offense of all three types of burglary."[20]

The first step of the analysis was completed by comparing the elements of the greater offense and the lesser offense without any reference to the facts or evidence of the particular case.

On rehearing, the Court's opinion incorrectly said the opposite.

The *Day* Court took up two issues on rehearing. One was the State's argument "that the requested charge was properly denied because the indictment would not support a conviction for criminal trespass. The State cites numerous authorities for the proposition that an indictment will not support conviction for what otherwise would be a lesser included offense unless the indictment pleads all of the necessary allegations to charge such other offense."[21] After surveying the law of lesser-included offenses before 1973, we said, "With respect to the State's challenge raised against the power of the court to enter judgment for criminal trespass upon the indictment in this case, we hold that the new statutory scheme of lesser included offenses, as contrasted with the old statutory scheme of offenses with degrees, did not create such a restriction upon the jurisdiction of the trial court once properly invoked to try the offense charged, to pro-

14. *Id.,* at 304.

15. *Ibid.*

16. *Id.,* at 306.

17. *Id.,* at 304.

18. *Id.,* at 304–06.

19. *Id.,* at 306.

20. *Ibid.*

21. *Id.,* at 310.

ceed to judgment upon the lesser included offense ...." [22]

Just before that holding, the Court made the statement, "On original submission we held that *on the facts of this case* criminal trespass was a lesser included offense to the burglary charged under the terms of Art. 37.09(1), V.A.C.C.P." [23] This was a misstatement of the holding on original submission, which had made no reference to the facts of the case.

We made a similar statement in connection with the next issue, which was our *sua sponte* decision to consider the constitutionality of the new statute. Some aspects of the lesser included-offense statutes before 1973 fell short of the constitutional requirements for due process of law. If an offense was listed in the former statute as a lesser-included offense, we held that the elements of the lesser offense need not be pleaded in the indictment for the greater offense. [24]

> To dispense with the need for pleading all the constituent elements of the lesser offense, which applies in other cases ... the relationship between the offense charged and the other offense not only must be within the terms of the statute specifying offenses with degrees, but also that relationship between the two offenses must be such that the other offense is in fact not repugnant to the offense charged. To state that the Legislature by statute may authorize conviction for any offense so designated upon trial for some other offense regardless of the relationship between the two is to state an obvious absurdity violative of basic principles of due process. [Footnote 5:] A statute within such absurd

principle might authorize upon the trial of A for the murder of B a conviction for the murder of C, or the rape of D, or the possession of contraband, or any other offense. The violations of due process that would occur are manifest. [25]

Although the parties had not raised the question, the Court held that the 1973 revision of Article 37.09 did not violate the constitution in this way.

> The careful reader will observe that each definition in Art. 37.09 is stated with reference to "the offense charged," and moreover, each such definition specifically states the manner in which the lesser included offense differs from the offense charged. The enumerated variations in the statute do not enlarge upon the offense charged, but instead vary in a manner that either is restrictive or reduces culpability as compared to the offense charged. In view of those restrictions, we hold Arts. 37.08 and 37.09, supra, are constitutional insofar as they authorize, as did the prior scheme of degrees of offenses, conviction upon an indictment charging one offense for a lesser included offense of the offense charged. [26]

Then our opinion on rehearing made a second troublesome statement. "We must add, however, that whether one offense bears such a relationship to the offense charged is an issue which must await a case by case determination, both because the statute defines lesser included offenses in terms of the offense charged and because it defines lesser included offenses in terms of *the facts of the case.*" [27]

22. *Id.,* at 315.

23. *Ibid.* (emphasis added).

24. *Id.,* at 314.

25. *Ibid.*

26. *Id.,* at 315.

27. *Id.,* at 315–16 (emphasis added).

The trouble with the statement is that Article 37.09(1) does not speak of the facts of the case; it speaks of "the facts required to establish the commission of the offense charged." The opinion on rehearing, without analysis, said this meant the evidence in the case. The opinion on original submission used the elements of the offense charged, without reference to the evidence in the case.

Thus, in our first case to construe Article 37.09, a majority of the Court took conflicting positions.

When it said that the question of whether one offense was included in another depended on the evidence, the opinion on rehearing in *Day* was misreading both the opinion on original submission and Article 37.09. This view is somewhat bolstered by the fact that only eight weeks after the Court delivered the opinion on rehearing in *Day*, the author of that opinion denied that his opinion should be read to authorize consideration of the evidence on the issue of whether one offense was included within the allegation of another.[28] Until today, this court has frequently ignored his protestations, and continued to say that Article 37.09 as interpreted in the opinion on rehearing in *Day* requires consideration of the evidence in making the decision.

The conflict has persisted, with some of the Court's opinions determining whether one offense is a lesser-included offense of another by comparing the elements of the offenses,[29] and others by comparing the

**28.** *See* concurring opinion of Odom, J., in *Graves v. State*, 539 S.W.2d 890, 892 (Tex.Cr. App.1976) (footnote omitted):

"Article 37.09(1) does not support the conclusion that driving while intoxicated is a lesser included offense of a Sec. 19.05(a)(2) involuntary manslaughter. In fact, *Day v. State, supra*, foresaw and warned against such an interpretation of that article as would be required to hold that driving while intoxicated is a lesser included offense to the offense here charge. In closing the opinion on rehearing, the Court stated:

'The careful reader will observe that each definition in Art. 37.09 is stated with reference to "the offense charged," and moreover, *each such definition specifically states the manner in which the lesser included offense differs from the offense charged.* The enumerated variations in the statute do not enlarge upon the offense charged, but instead vary n a manner that *either is restrictive or reduces culpability as compared to the offense charged.* In view of those restrictions, we hold Arts. 37.08 and 37.09, supra, are constitutional insofar as they authorize, as did the prior scheme of degrees of offenses, conviction upon an indictment charging one offense for a lesser included offense of the offense charged . . .' (Emphasis added.)

"The restrictive effect of the word 'required' in Art. 37.09(1) cannot be ignored. In applying the test one does not examine what the proof *showed* in establishing the offense charged; rather one must look to what facts in the proof were *required* to establish the offense charged. The broader reading of the statute would render *any* offense incidentally proven in the course of trial a lesser included offense, and authorize its submission to the jury. Such 'lesser included offenses' under Art. 37.09(1) would include any offense committed near the time of the offense charged and proven up as 'res gestae' of the offense, any offenses committed near the time of arrest and proven up as 'res gestae' of the arrest, any extraneous offenses proven in rebuttal on an issue raised by the defense, and any other offense shown incidentally in the course of the trial, because any such offense would have been established by what the proof of the offense charged *showed*, even though it was not established by the proof of the facts *required* to establish the offense charged."

**29.** *See, e.g., Schweinle v. State*, 915 S.W.2d 17, 18 (Tex.Cr.App.1996); *Jacob v. State*, 892 S.W.2d 905, 908 (Tex.Cr.App.1995); *Godsey v. State*, 719 S.W.2d 578, 584 (Tex.Cr.App. 1986); *Santana v. State*, 714 S.W.2d 1, 9 (Tex.Cr.App.1986); *Earls v. State*, 707 S.W.2d 82, 84–85 (Tex.Cr.App.1986); *Bell v. State*, 693 S.W.2d 434, 438 n. 8 (Tex.Cr.App.1985); *Sanders v. State*, 664 S.W.2d 705, 706–07 (Tex.Cr.App.1982); *Little v. State*, 659 S.W.2d 425, 426 (1983); *Luera v. State*, 658 S.W.2d

evidence in the case to the elements of the lesser offense.[30]

The question to be resolved is whether "the facts required" in Article 37.09(1) are determined by the evidence adduced at trial, or whether the determination is a question of law that can be answered before the trial begins by looking at the elements and facts alleged in the charging instrument.

The statement in the opinion on rehearing in *Day* that "the statute defines lesser included offenses in terms of the offense charged and ... it defines lesser included offenses in terms of the facts of the case," [31] is based on a misreading of the statute. Instead of seeing the statute as providing alternate definitions of lesser-included offenses, the proper reading follows the bulk of the court's analysis in *Day:* the statute sets out the two-step process of first looking at the charging instrument to discern the lesser-included offenses and next determining whether the evidence at trial supports giving one of these predetermined lesser-included offense instructions.

### III. Constitutional Implications

 This court has said on a number of occasions that when the greater offense may be committed in more than one manner, the manner alleged will determine the availability of lesser-included offenses. For example, aggravated assault may be committed by threat with a deadly weapon or by inflicting serious bodily injury.[32] Assault by committing bodily injury is a lesser-included offense of aggravated assault by inflicting serious bodily injury, but not of aggravated assault by threat with a deadly weapon.[33] An allegation of sexual abuse of a child by contact between the defendant's genitals and child's mouth will not support a lesser-included offense of indecency with a child.[34] If the evidence determines whether an offense is included within the alleged offense, the results would be different.

The United States Supreme Court referred to this problem in *Schmuck v. Unit-*

566, 568 (Tex. Cr.App. [Panel Op.] 1981); *Rocha v. State,* 648 S.W.2d 298, 301–02 (Tex. Cr.App.1982) (op. on reh'g); *Allison v. State,* 618 S.W.2d 763, 764 (Tex. Cr.App. [Panel Op.] 1981); *McKinney v. State,* 615 S.W.2d 223, 224 (Tex. Cr.App. [Panel Op.] 1981); *Ormsby v. State,* 600 S.W.2d 782, 784 (Tex. Cr.App. [Panel Op.] 1979); *Martinez v. State,* 599 S.W.2d 622, 624 (Tex. Cr.App. [Panel Op.] 1980); *Jones v. State,* 586 S.W.2d 542, 544 (Tex. Cr.App. [Panel Op.] 1979); *Briceno v. State,* 580 S.W.2d 842, 844 (Tex. Cr.App. [Panel Op.] 1979); *Neely v. State,* 571 S.W.2d 926, 927–28 (Tex. Cr.App. [Panel Op.] 1978); *Bayona v. State,* 544 S.W.2d 155, 156 (Tex.Cr. App.1976); *Mitchell v. State,* 543 S.W.2d 637, 638 (Tex.Cr.App.1976); *Teal v. State,* 543 S.W.2d 371, 373–74 (Tex.Cr.App.1976); *Graves v. State,* 539 S.W.2d 890, 892 (Tex.Cr. App.1976) (Odom, J., concurring); *Hazel v. State,* 534 S.W.2d 698, 700–01 (Tex.Cr.App. 1976); *Raven v. State,* 533 S.W.2d 773 (Tex. Cr.App.1976).

**30.** *See, e.g., Cunningham v. State,* 726 S.W.2d 151, 153–54 (Tex.Cr.App.1987); *Moreno v. State,* 702 S.W.2d 636, 640 (Tex.Cr.App.1986); *Chanslor v. State,* 697 S.W.2d 393, 397 (Tex. Cr.App.1985); *Aguilar v. State,* 682 S.W.2d 556, 559 (Tex.Cr.App.1985) (Clinton, J., dissenting); *Broussard v. State,* 642 S.W.2d 171, 173 (Tex.Cr.App.1982); *Eldred v. State,* 578 S.W.2d 721, 722 (Tex. Cr.App. [Panel Op.] 1979); *Campbell v. State,* 571 S.W.2d 161, 162 (Tex.Cr.App.1978) (en banc); *Sutton v. State,* 548 S.W.2d 697, 699 (Tex.Cr.App.1977); *Jones v. State,* 532 S.W.2d 596, 601 (Tex.Cr. App.1976).

**31.** *Day,* 532 S.W.2d, at 316.

**32.** *Compare* Penal Code § 22.02(a)(1) *with* § 22.02(a)(2).

**33.** *Mitchell v. State,* 543 S.W.2d 637 (Tex.Cr. App.1976).

**34.** *Martinez v. State,* 599 S.W.2d 622 (Tex.Cr. App.1980).

ed States.[35] The Court construed Federal Rule of Criminal Procedure 31(c), which speaks in terms of a lesser-included offense's being "necessarily included in the offense charged." The Court indicated that there might be a constitutional violation if the relationship were based on evidence rather than the pleaded elements:

> Since offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offense in question, and not, as the inherent relationship approach would mandate, by reference to the conduct proved at trial regardless of the statutory definitions .... Furthermore, the language of Rule 31(c) speaks of the necessary *inclusion* of the lesser included offense in the greater. While the elements test is true to this requirement, the inherent relationship approach dispenses with the required relationship of necessary inclusion: the inherent relationship approach permits a lesser included offense instruction even if the proof of one offense does not invariably require proof of the other as long as the two offenses serve the same legislative goals....

> It is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him .... This stricture is based at least in part on the right of the defendant to notice of the charge brought against him .... Were the prosecutor able to request an instruction on an offense whose elements were not charged in the indictment, this right to notice would be placed in jeopardy.[36]

Other courts have remarked on the lack of notice when the evidence test is used. For example, the Florida Supreme Court said:

> The accusatory pleading must apprise the defendant of all offenses of which he may be convicted. This ... means that he may be convicted of any lesser offense, which, although not an essential ingredient of the major crime, is spelled out in the accusatory pleading in that it alleges all of the elements of the lesser offense and the proof at trial supports the charge. The gist is not what the defendant would like to persuade a jury he may be guilty of, but that the accusatory pleading apprise him of all offenses of which he may be convicted.[37]

Our Code of Criminal Procedure also recognizes that the charging instrument should include all of the elements of the offenses with which the defendant is charged. Article 21.03 commands, "Everything should be stated in an indictment which is necessary to be proved." Determining lesser-included offenses from the evidence at trial instead of from the elements of the offense listed on the charging instrument fails to adhere to this directive.

Another problem with the evidence approach is that the Supreme Court compares elements of offenses, rather than conduct or evidence, to decide when successive prosecutions violate the Double Jeopardy Clause of the Fifth Amendment.[38] In the absence of a contrary expression of legislative intent, the elements

---

**35.** 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).

**36.** *Id.,* at 718–19, 109 S.Ct. 1443.

**37.** *State v. Anderson,* 270 So.2d 353, 356 (Fla. 1972).

**38.** *See United States v. Dixon,* 509 U.S. 688, 711–12, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

of offenses, as they are pleaded in the indictment, also are compared to decide whether multiple punishments violate the Double Jeopardy Clause.[39] Problems could result if lesser-included offenses were determined by a comparison of evidence at trial, while jeopardy issues were determined by a comparison of the statutory elements as alleged in the charging instrument, for conviction bars prosecution for a greater or lesser-included offense.[40]

### IV.

Article 37.09, as it was applied in the Court's opinion on original submission in *Day*, is compatible with the cognate-pleadings approach to lesser-included offenses, although this label was not adopted in the opinion. When the Court evaluated the burglary statute to see, as a matter of law, whether trespass was a lesser-included offense, it held that although burglary of a building does not include an element of notice, which is a requirement of the offense of trespass, that element is satisfied by proof of a "fencing or other enclosure obviously designed to exclude intruders."[41]

However, if the factual allegations in the charging instrument did not reflect that the building's exterior served as such a barrier, then "additional facts" would be necessary to support trespass as a lesser-included offense. The opinion on original submission in *Day* used the pleadings approach to find that trespass is a lesser-included offense of burglary.

As explained above, this court's cases have been in conflict since *Day* was decided. We have made many decisions by analyzing the elements of the offenses, and not the evidence. In *Parrish v. State*,[42] the Court used the elements test to hold that aggravated assault is not a lesser-included offense of burglary with intent to commit aggravated assault, explaining:

> In Texas, an offense is considered to be included within another if, among other things, "it is established by proof of the same or less than all the facts required to establish the commission of the of-

---

**39.** *See Missouri v. Hunter*, 459 U.S. 359, 367–68, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). In *Hunter*, the Supreme Court implicitly adopted the pleadings approach for evaluating double-jeopardy violations. The defendant in *Hunter* was convicted of robbery and armed criminal action, which punished any felony, in this case the robbery, committed with a deadly weapon. *Id.*, 459 U.S. at 361–62, 103 S.Ct. 673. The Supreme Court held that these offenses were the "same offense" for double-jeopardy purposes under *Blockburger*. *See Hunter*, 459 U.S. at 368, 103 S.Ct. 673. Because it is possible to commit robbery without using a weapon, for example through intimidation or force, the determination that these were the same offense required the Court to consider the elements of the offense as pleaded in the indictment rather than as listed in the statute. Although it held the crimes to be the same offense, the Court also held that the Missouri legislature intended cumulative sentences, therefore the Double Jeopardy Clause was not violated. *See id.*

**40.** *See Brown v. Ohio*, 432 U.S. 161, 168–69, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) ("the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense"). As in *Hunter*, the Supreme Court in *Brown* implicitly used the pleadings approach in applying the *Blockburger* test. The Court held that a conviction for joyriding, operating a motor vehicle without the owner's consent, precluded a later conviction on auto theft because the two were the "same offense" under *Blockburger*. *See Brown*, 432 U.S. at 167–68, 97 S.Ct. 2221. Auto theft, however, can be committed without operating the vehicle, so the Court necessarily relied on an allegation that the offender had stolen the auto by operating it to find that joyriding is a lesser-included offense.

**41.** *Id.*, at 306 (quoting part of the definition of "notice" in the criminal-trespass statute, PENAL CODE § 30.05(b)(2)(B)).

**42.** 869 S.W.2d 352 (Tex.Cr.App.1994).

fense charged[.]" Art. 37.09(1) (West 1981). Our statute law thus describes includedness in much the same way *Blockburger* describes sameness. Yet we have long considered more than merely statutory elements to be relevant in this connection. *See, e.g., Goodin v. State,* 750 S.W.2d 789 (Tex.Cr.App. 1988); *Cunningham v. State,* 726 S.W.2d 151 (Tex.Cr.App.1987); *Broussard v. State,* 642 S.W.2d 171, 173 (Tex. Cr.App.1982); *Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1976). We acknowledge, for example, that other critical elements of an accusatory pleading, such as time, place, identity, manner and means, although not statutory, are germane to whether one offense includes another under Texas law and to whether several offenses are the same for jeopardy purposes. *See Ex parte Jefferson,* 681 S.W.2d 33 (Tex.Cr.App.1984); *Neely v. State,* 571 S.W.2d 926 (Tex.Cr.App. 1978). We likewise think it reasonably clear from the various opinions in *Dixon* that the essential elements relevant to a jeopardy inquiry are those of the charging instrument, not of the penal statute itself. Statutory elements will, of course, always make up a part of the accusatory pleading, but additional non-statutory allegations are necessary in every case to specify the unique offense with which the defendant is charged.[43]

More recently, the Court approved the use of the pleadings approach:

The State's disagreement with the Court of Appeals in the instant case essentially turns on what is meant by "facts required" in Article 37.09(1). The State argues this focuses on the evidence the State presented to prove the charged offense. But such interpretation negates the language of Article 37.09(1) by changing "facts required" into "facts presented." "Facts required" means the evidence legally required to prove the elements. For instance, the State may prove more than is legally required by also proving a different offense than the charge offense just because of the facts in the particular case. The constitutional validity of Article 37.09 rests in part on its reference to the offense charged and to the restricted or reduced culpability of the lesser included offense as compared to the offense charged. *Day,* 532 S.W.2d at 315. Otherwise a defendant could be convicted of offense not subsumed in the charged offense but shown by the evidence presented. That is why a lesser included offense is defined with reference to the facts "required" to establish the charged offense rather than to facts presented at trial.[44]

The Court has since repeated its endorsement of the pleadings test for lesser-included offenses.[45]

A decision that lesser-included offenses are determined from the elements of the offense and the facts as alleged in the charging instrument, would require us to address conflicts in our cases. For example, in *Allison v. State,*[46] the appellant had been charged with burglary of a habitation, but the State reduced the original offense charged to burglary of a building. The Court found no error, saying, "Burglary of a building is a lesser included offense of burglary of a habitation *as originally charged.*"[47] At this point the

**43.** *Id.,* at 354.

**44.** *Jacob v. State,* 892 S.W.2d 905, 908 (Tex. Cr.App.1995).

**45.** *See Schweinle v. State,* 915 S.W.2d 17, 18 (Tex.Cr.App.1996).

**46.** 618 S.W.2d 763 (Tex.Cr.App.1981).

**47.** *Id.,* at 764 (citing *Jones v. State,* 532 S.W.2d 596, 601 (Tex.Cr.App.1976) (emphasis added)).

Court seemed to be following the pleading approach by finding the lesser-included offense from the facts and elements as alleged in the indictment. In the next sentence, however, the Court stepped into the confusion that the conflicting tests have wrought and implied that it was following the evidence approach. It supported its holding by saying, "The greater offense, when properly alleged, necessarily includes all the lesser included offenses whether each of their constituent elements are alleged in the wording of the indictment on the greater offense or not." [48] This assertion would subject the present statute to the same due-process concerns that bothered the pre–1973 statute, because the face of the charging instrument would not have to contain the elements of the lesser-included offenses.[49] The Court cited no authority for this proposition, although it has been repeated since.[50] The only case that was cited in *Allison* was one in which, before reforming the conviction, the Court held that "burglary of a 'building' is a lesser included offense of burglary of a 'habitation' *where the proof shows* an enclosed structure." [51] *Allison,* therefore, supported its use of the pleadings test by citing to an opinion that used the evidence test. Its assertion, that the greater offense necessarily includes all lesser-included offenses although their ele-

ments are not alleged in the indictment, turned on its assumption that the greater offense was "properly alleged." This comports with the pleadings approach: the elements and the facts alleged in the charging instrument are used to find lesser-included offenses; therefore, the elements of the lesser offense do not have to be pleaded if they can be deduced from the facts alleged in the indictment. This interpretation saves the statute from the due-process concerns that were expressed in *Day.*

■ We now hold that the pleadings approach is the sole test for determining in the first step whether a party may be entitled to a lesser-included-offense instruction. The availability of a lesser-included instruction in a given case still would depend on the second step, whether there is some evidence adduced at trial to support such an instruction.

■ The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law. It does not depend on the evidence to be produced at the trial. It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or infor-

48. *Ibid.*

49. *Compare Allison,* 618 S.W.2d, at 764, *with Day,* 532 S.W.2d, at 307.

50. *See Eastep v. State,* 941 S.W.2d 130, 134 (Tex.Cr.App.1997); *White v. State,* 890 S.W.2d 69, 72 n. 3 (Tex.Cr.App.1994) (limiting the *Allison* language to the ability of the State to abandon allegations in the indictment without having to give the defendant ten-days notice); *see also Aguilar v. State,* 682 S.W.2d 556, 561 (Tex.Cr.App.1985) (Teague, J., dissenting).

51. *Jones v. State,* 532 S.W.2d 596, 601 (Tex. Cr.App.1976) (emphasis added). Jones was convicted of burglarizing a house that was in

its final stages of construction. He argued that the evidence was insufficient to convict him of burglary of a habitation because his indictment would have to allege that he had burglarized a building that was "not open to the public," a necessary element of the offense of burglary of a building, but not of burglary of habitation. *Ibid.* The Court held that since the assessed punishment was within the range for both offenses, the conviction could be affirmed as one for burglary of a building, and the judgment and sentence could be reformed accordingly.

mation with the elements of the potential lesser-included offense.

 The evidence adduced at trial should remain an important part of the court's decision whether to charge the jury on lesser-included offenses. The second step in the analysis should ask whether there is evidence that supports giving the instruction to the jury. "A defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." [52] In this step of the analysis, anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge.[53] In other words, the evidence must establish the lesser-included offense as "a valid, rational alternative to the charged offense." [54]

 Applying the first step of the lesser included-offense analysis in the instant case, we do not consider the evidence that was presented at trial. Instead, we consider only the statutory elements of murder as they were modified by the particular allegations in the indictment:

(1) the appellant

(2) caused the death of an individual

(3) by shooting the individual with a gun

(4) (a) with intent to cause the individual's death or

(b) (1) with intent to cause the individual serious bodily injury and

(2) committing an act clearly dangerous to human life.

We then compare them with the elements of the lesser offense of aggravated assault by threat that could be included in that offense:

(1) the appellant

(2) threatened another individual with imminent bodily injury

(3) intentionally, knowingly, or recklessly.

(4) by displaying a deadly weapon, namely a gun.

We then ask the question that Article 37.09(a) poses: are the elements of the lesser offense "established by proof of the same or less than all the facts required to established the commission of the offense charged"?

The answer is that they are not. The facts required to prove the lesser offense include two that are not the same as, or less than, those required to establish the offense charged: threatening and display.

It is true that the evidence may show threatening and display. The evidence may show a number of other lesser offenses as well, such as disorderly conduct by discharging a firearm in a public place or across a public road or by displaying a firearm in a public place in a manner calculated to alarm,[55] unlawful carrying of weapon,[56] or unlawful possession of weapon.[57] But those offenses likewise are not established by the same or less than the

---

52. *Bignall v. State,* 887 S.W.2d 21, 23 (Tex.Cr. App.1994) (citing *Rousseau v. State,* 855 S.W.2d 666, 673 (Tex.Cr.App.1993); *Royster,* 622 S.W.2d, at 446–47).

53. *Bignall,* 887 S.W.2d, at 23.

54. *Forest v. State,* 989 S.W.2d 365, 367 (Tex. Cr.App.1999) (quoting *Arevalo v. State,* 943 S.W.2d 887, 889 (Tex.Cr.App.1997)).

55. *See* Penal Code § 42.01(a)(7)-(9).

56. *See* Penal Code § 46.03.

57. *See* Penal Code § 46.04.

proof required to prove the allegations in the indictment for murder. Aggravated assault by threat, like the other offenses mentioned, requires proof of additional facts.

The Court made this clear in *Day*. Burglary can be committed by unlawfully entering a building with intent to commit theft, or by unlawfully entering and thereafter committing theft. The evidence in the case would have supported a verdict for either theory of burglary, but the indictment did not allege the element of committing theft after entry.

The cognate-pleadings analysis that we used in the opinion on original submission in *Day* requires us to reason that, although the evidence may have supported a verdict of aggravated assault by the threat of displaying a gun, the indictment did not allege threats or display. By analyzing the statutory elements of the offense as they were modified in the indictment, the assault by threats was not included within the allegation of murder.

To hold otherwise would be contrary to the better analysis of the statute and might run afoul of the requirements of due process by making it impossible to know before trial what lesser offenses are included within the indictment, yet making it possible at the end of the trial to convict for any offense that was incidentally shown by the evidence.

We disapprove the statements in the· opinion on rehearing in *Day* that implied the contrary, and (like the author of those statements) we disapprove the decisions that have held the contrary.[58]

## V. Conclusion

We did not grant review of the Court of Appeals' decisions that the issue of error in the charge was preserved for appellate review, that a judgment of guilt of a lesser offense that was not included in the alleged offense is void because a trial court has no jurisdiction to enter such a judgment,[59] or that the appellant suffered harm that required reversal. We express no opinion as to the correctness of those decisions.[60]

The judgment of the Court of Appeals is affirmed.

KELLER, P.J. filed a dissenting opinion.

HERVEY, J., filed a dissenting opinion in which KELLER, P.J. and KEASLER, J., joined and HOLCOMB, J., dissented.

KELLER, P.J., dissenting.

In its first ground for discretionary review, the State complained that the court of appeals erred in holding the trial court's judgment void. In its second ground, the State contended that appellant failed to show entitlement to relief because the record reveals the occurrence of an off-the-record bench conference in which appellant might have requested the instruction. We did not grant these grounds for review, but we should have, and we can still do so on our own motion.[1]

If appellant requested submission of the aggravated assault offense, then he would surely be estopped from challenging the propriety of doing so.[2] In this case, we do

---

**58.** See the cases collected in note 30, *supra.*

**59.** *See, e.g., Houston v. State,* 556 S.W.2d 345 (Tex.Cr.App.1977).

**60.** 81 S.W.3d 927 (Tex.App.-Dallas 2002).

**1.** Tex.R.App. P. 67.1.

**2.** *Prystash v. State,* 3 S.W.3d 522, 530–532 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000).

not know whether he made such a request. He did not object to the submission, there was an off-the-record jury charge conference, and the record does not contain a bill of exception specifically providing that appellant did not request the lesser-offense instruction. I would hold that, under the circumstances, appellant has failed to meet his burden of presenting a record showing his entitlement to relief.[3]

But even if we knew that appellant had not specifically requested the lesser-offense submission, appellant would still be estopped under what I would term the doctrine of "beneficial acquiescence." In *Bradley v. State*, in an opinion written by Judge Clinton, the Court specifically opined that a defendant's failure to object to a lesser-offense instruction would have certain estoppel consequences:

> We hasten to add that this disposition of the case hinges on the fact that appellant vociferously objected to the inclusion of the voluntary manslaughter charge. Failure to object to the charge when given on the ground that the evidence does not support it *would signal* acquiescence on the part of the accused in the trial court's judgment that sudden passion was raised.

> By invoking the benefit of the lesser included offense charge at trial *in not objecting to its submission* to the jury, an accused will be estopped from then complaining on appeal that the evidence failed to establish all the elements of the offense.[4]

Although the breadth of the rule articulated in *Bradley* has been limited by a recent opinion,[5] the estoppel reasoning is still relevant. A claim that the evidence was insufficient to show the "sudden passion" element of voluntary manslaughter was essentially a claim that voluntary manslaughter should never have been submitted to the jury because the evidence failed to raise it as a legitimate issue in the case. Consequently, a defendant who procured the improper submission would be estopped from later challenging the impropriety, but more importantly for this case, the defendant who merely failed to object would similarly be estopped. The above passage from *Bradley* suggests the reason why this latter type of defendant is estopped even though he did not actively seek the conduct of which he now complains: submission of a lesser offense is ordinarily for the defendant's benefit; if it were not to his benefit, one would expect him to object.

This view is consistent with the principle that, although a defendant is usually required to request submission of a defensive issue in the jury charge in order for the issue to be considered "law applicable to the case," he need not do so if the trial court has already submitted the issue on its own initiative.[6] In that situation, the defendant can rely upon the trial court's submission to substitute for his own expressed desire for a defensive issue to be part of the case. It would make no sense to require a defendant to request an instruction that is already in the jury charge.

3. *See Word v. State*, 206 S.W.3d 646, 651–652 (Tex.Crim.App.2006)(record did not show that trial court failed to notify defendant of jury questions or that defendant objected to the trial court's answers to those questions); *Guajardo v. State*, 109 S.W.3d 456, 460–461 (Tex.Crim.App.2003)(record did not show that issue was litigated at prior hearing).

4. *Bradley v. State*, 688 S.W.2d 847, 853 (Tex.Crim.App.1985)(emphasis added), *overruled on other grounds by, Moore v. State*, 969 S.W.2d 4, 10 (Tex.Crim.App.1998).

5. *McKinney v. State*, 207 S.W.3d 366 (Tex. Crim.App.2006).

6. *Barrera v. State*, 982 S.W.2d 415, 416 (Tex. Crim.App.1998).

And if the defendant can rely upon the trial court's action as a substitute for his own request, the State also should be able to rely upon the trial court's action as a substitute for the defendant's request. Therefore, the trial court's submission of the defensive issue, without defensive objection, should estop the defendant from later complaining that the defensive issue should not have been part of the case. A lesser-included offense submission is a type of defensive issue [7] and, thus, would be subject to the considerations outlined above.

I do not disagree with the Court's adoption of the cognate-pleadings approach, but because I would not reach the merits of the lesser-included-offense issue, I respectfully dissent.

HERVEY, J., dissenting in which KELLER, P.J., and KEASLER, J., joined.

I respectfully dissent. The Court's opinion confirms that our lesser-included offense jurisprudence under Article 37.09(1), TEX.CODE CRIM. PROC., has not been a model of clarity. *See Hall v. State,* 225 S.W.3d 524, 525–36 (Tex.Cr.App. No. PD–1594–02, delivered this date). Article 37.09(1) provides that an offense is a lesser-included offense if "it is established by proof of the same or less than all the **facts required** to establish the commission of the offense charged." [1]

The Court's decision that Article 37.09(1) requires an examination of the statutory elements of the charged offense as they are modified by the charging instrument in determining the "facts required" to establish the commission of the offense charged is consistent with the plain language of Article 37.09(1). *See Hall,* at 535–36. That means, as the Court decides here, that the State was not required to prove an aggravated assault by threat in proving the charged murder offense even though the evidence the State used to prove the murder offense also incidentally proved the aggravated assault by threat offense. Under this application of Article 37.09(1), the aggravated assault by threat offense is not a lesser-included offense of the charged murder offense.

This application of Article 37.09(1), however, overrules much of our case-law which would support a contrary decision in this case because the State's evidence to prove the charged murder offense also incidentally proved the aggravated assault by threat offense.[2] This case-law, however, is inconsistent with the plain language of Article 37.09(1) by focusing on what the State actually proved instead of what it was required to prove. *See Hall,* at 528–29 (Article 37.09(1) does not speak of the facts of the case; it speaks of the "facts required" to establish the commission of the offense charged).

The Court's opinion does not address the other ground upon which the Court

---

**7.** *Bufkin v. State,* 207 S.W.3d 779, 782 (Tex. Crim.App.2006); *see also Posey v. State,* 966 S.W.2d 57, 66 n. 3 (Tex.Crim.App.1998)(Mansfield, J. concurring); *Sattiewhite v. State,* 786 S.W.2d 271, 288 (Tex.Crim.App.1989).

**1.** Emphasis supplied.

**2.** *See, e.g., Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Cr.App.1993) ("lesser included offense must be included within the proof nec-

essary to establish the offense charged"); *Broussard v. State,* 642 S.W.2d 171, 173 (Tex. Cr.App.1982) ("It is not a question of whether or not the offense charged is capable of being established on some theory that does not show the lesser included offense. Rather, the issue is whether or not the State, in each case, when presenting its case to prove the offense charged, also includes the lesser included offense.")

granted review. This additional ground presents the question of whether the aggravated assault by threat offense is a lesser-included offense of the charged murder offense under Article 37.09(2), TEX. CODE CRIM. PROC., which states that an offense is a lesser-included offense if "it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission." I agree with the Court of Appeals that the aggravated assault by threat offense did not differ from the charged murder offense **only** in the respect that a less serious injury sufficed to establish its commission. *See Hall v. State,* 81 S.W.3d 927, 931 (Tex.App.-Dallas 2002). As stated by the Court of Appeals, the "aggravated assault by threat [offense] differed from the charged murder offense by more than the injury or risk of injury to the [victim]" by including "the additional element of a threat against the [victim] that was not present in the murder indictment." *See id.* This too is consistent with the plain language of Article 37.09(2).

Regardless of the grounds raised, the Court should on its own motion review the decision of the Court of Appeals on the procedural default issue. *See* TEX.R.APP. PROC. 66.1; *Hall,* 81 S.W.3d at 929 (holding that appellant did not procedurally default the claim that the trial court erroneously submitted the aggravated assault by threat instruction in jury charge). The Court should do this because the State did raise it in its petition for discretionary review, it is an important issue to the bench and bar, and it has been suggested that preservation of error is a systemic requirement. *See, e.g., Alonzo v. State,* 158 S.W.3d 515, 516 (Tex.Cr.App.2005) (Keller, P.J., dissenting).

Appellant did not claim in the trial court that the aggravated assault by threat of-fense was not a lesser-included offense of the charged murder offense. The Court of Appeals decided that it is legally insignificant that appellant did not bring this to the trial court's attention because conviction on a lesser charge not authorized by Article 37.09 is a structural, jurisdictional defect rendering a conviction on that charge "void." *See Hall,* 81 S.W.3d at 929, 931.

I would decide, however, that any right not to be convicted of an unobjected-to lesser charge not authorized by Article 37.09 is not a right "widely considered so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection in the system." *See Marin v. State,* 851 S.W.2d 275, 278–79 (Tex.Cr. App.1993). The Court of Appeals' published decision that a conviction on a lesser charge not authorized by Article 37.09 is "void" would permit a defendant to request a beneficial lesser charge and, if acquitted of the greater charge and convicted of the defense-requested lesser charge, successfully complain for the first time on appeal that such a charge should never have been given. *But see Prystash v. State,* 3 S.W.3d 522, 530–31 (Tex.Cr.App.1999). This Court's decisions in *Marin* and *Prystash* and the policies advanced by them do not support such an unusual result. I would decide that appellant procedurally defaulted any appellate claim that the aggravated assault by threat offense was not a lesser-included offense of the charged murder offense.

I respectfully dissent.