COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-06-454-CR

 

 

ERIC EMIL WILLIAMS                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Eric Emil Williams of attempted sexual assault, found the habitual offender
allegations true, and assessed his punishment at fifty-seven years= confinement.  The trial court
sentenced him accordingly.  In two
points, Appellant contends that he was denied effective assistance of counsel
at trial and that the trial court erred by denying his request for a lesser
included offense instruction.  Because we
hold that Appellant has not met his burden of proving ineffective assistance
and that the trial court did not err by refusing to give a lesser included
offense instruction on assault bodily injury, we affirm the trial court=s judgment.

In his first point, Appellant
contends that he received ineffective assistance at trial because at the guilt
phase, his trial counsel referred to Appellant=s criminal record, elicited testimony about it, and opened the door
and failed to object to the prosecutor=s questioning witnesses about it. 
This issue was not presented in a motion for new trial.  Accordingly, Appellant=s trial counsel=s strategy,
if any, for allowing that information before the jury cannot be
determined.  Based on the applicable
standard of review,[2]
we hold that Appellant has not met his burden of proving ineffective assistance
of counsel.  We overrule his first point.








In his second point, Appellant contends that the trial court erred by
denying his requested lesser included offense instruction on assault bodily
injury.  We use a two-step analysis to
determine whether an appellant was entitled to a lesser included offense
instruction.[3]  First, the lesser offense must come within
article 37.09 of the code of criminal procedure.[4]  AAn offense is a lesser included offense if . . . it is established by
proof of the same or less than all the facts required to establish the
commission of the offense charged.@[5]  This inquiry is a question of
law.[6]  It does not depend on the evidence to be
produced at the trial but is performed by comparing the elements of the offense
as they are alleged in the indictment or information with the elements of the
potential lesser included offense.[7]  

The indictment provides that Appellant








did
THEN AND THERE INTENTIONALLY, WITH THE SPECIFIC INTENT TO COMMIT THE OFFENSE OF
SEXUAL ASSAULT OF [the complainant], DO AN ACT, TO-WIT: PINNED [the
complainant] AGAINST THE WALL WITH HIS ARM, OR PULLED DOWN HIS PANTS EXPOSING
ANY PART OF HIS GENITALS TO [the complainant]; OR ATTEMPTED TO SPREAD THE LEGS
OF [the complainant], WHICH AMOUNTED TO MORE THAN MERE PREPARATION THAT TENDED
BUT FAILED TO EFFECT THE COMMISSION OF THE OFFENSE INTENDED.

 

Assault bodily injury requires bodily injury;[8]
attempted sexual assault as alleged in the indictment does not.[9]  The evidence in the record that Appellant
inflicted bodily injury on the complainant is immaterial to our determination.[10]
Accordingly, we hold that assault bodily injury is not a lesser included
offense of attempted sexual assault, and the trial court did not err by
refusing to give the requested instruction. 
We overrule Appellant=s second point.

Having overruled both of Appellant=s points, we affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, J.; CAYCE,
C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: March 6, 2008











[1]See Tex. R. App. P. 47.4.





[2]See
Strickland v. Washington, 466 U.S. 668, 687-90, 694, 104 S. Ct.
2052, 2064-66, 2068 (1984); Thompson v. State, 9 S.W.3d 808, 812-14
(Tex. Crim. App. 1999).





[3]Hall
v. State, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); Rousseau
v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), cert. denied,
510 U.S. 919 (1993).





[4]Tex. Code Crim. Proc. Ann. art.
37.09 (Vernon 2006); Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App.
1998).





[5]Tex. Code Crim. Proc. Ann.
art. 37.09(1); see also Hall, 225 S.W.3d at 536.





[6]Hall, 225
S.W.3d at 535.





[7]Id. at
525, 535-36.





[8]Tex. Penal Code Ann. '
22.01(a)(1) (Vernon Supp. 2007).





[9]See
id. '
15.01(a) (Vernon 2003), '
22.011(a)(1), (b) (Vernon Supp. 2007).





[10]See
Hall, 225 S.W.3d at 525, 535-36.