

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0276-08

### ROBERTO YARIT TREJO, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**JOHNSON, J.,** filed a concurring opinion.

### C O N C U R R I N G   O P I N I O N

Yet again, we consider a case in which a party has confused "jurisdiction" with "authority."

As the opinion of the Court points out, the trial court had both subject-matter jurisdiction over the

offense and personal jurisdiction over appellant. In that opinion, the state receives the right answer

to the wrong question; it appears that the state really wants to know whether the trial court had

authority to do what it did, but asks the question in terms of jurisdiction.

As the opinion of the Court states, "the trial court may have erred in its charge to the jury."

But if the alleged error was including the lesser offense of aggravated assault in the jury charge, the question is first whether the indictment authorized the instruction and second, whether the evidence supported giving the instruction,[1] not whether the district court has jurisdiction over a felony offense.

I join the opinion of the Court.

Filed: April 1, 2009
Publish

---

[1] *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).