IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






PD-0294-08






EX PARTE FRANK EUGENE WATSON, Appellant






ON DISCRETIONARY REVIEW OF CASE 12-07-00127-CR


OF THE TWELFTH COURT OF APPEALS,


VAN ZANDT COUNTY






 Womack, J., filed a dissenting opinion, in which Meyers and Price, JJ.,
joined.



 The State prosecuted the appellant twice for offenses arising from a single traffic
collision. The question is whether the second prosecution violated the Double Jeopardy
Clause. I believe that it did, because the State's pleading of the second offense made the
first offense a lesser-included offense of the second.

 Police officers arrested the appellant at the scene of the collision. They gave him a
traffic citation for failure to yield the right-of-way while turning left. (1) They also arrested
him for the offense of intoxication assault. (2) The State prosecuted each offense in separate
courts. 

 About six weeks after the arrest, the appellant appeared in a justice court, pleaded
no contest to the allegation of failure to yield the right-of-way while turning left, and was
placed on deferred-adjudication probation.

 About two years later, a grand jury presented an indictment of the appellant in a
district court. It alleged that he committed the offense of intoxication assault in that he
"did then and there operate a motor vehicle in a public place while intoxicated  and did
by reason of such intoxication cause serious bodily injury to another  by accident or
mistake, to-wit: failing to yield the right of way while turning left, and the defendant did
then and there use and exhibit a deadly weapon to-wit: a motor vehicle ."

 By this pleading, the State chose to allege the offense it had already prosecuted -
failing to yield the right of way while turning left - as an element of the offense it was
subsequently prosecuting, thus making it a lesser-included offense. See Hall v. State, 225
S.W.3d 524, 535 (Tex. Cr. App. 2007) (the sole test for determining whether a lesser-included offense is available in a prosecution is by looking at the allegations of the
charging instrument in that prosecution).

 When a person has been placed in jeopardy for a lesser-included offense, he may
not be placed in jeopardy again for the greater offense. To do so violates the Blockburger rule:

 The applicable rule is that where the same act or transaction constitutes a violation
of two distinct statutory provisions, the test to be applied to determining whether
there are two offenses or only one, is whether each provision requires proof of a
fact which the other does not. (3)


 It is no answer to say that the State could have alleged acts of "accident or mistake" other than the very one that it had already prosecuted (failing to yield the right of
way while turning left). It did allege that act, and its subsequent prosecution on that
allegation placed the appellant in jeopardy again for the same offense. 

 I would hold that the appellant is entitled to habeas-corpus relief from the second
prosecution.


Filed May 6, 2009.

Publish.
1. "To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the
right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such
proximity to the intersection as to be an immediate hazard." Transp. Code § 545.152.
2. "A person commits an offense if the person, by accident or mistake: (1)  while operating a motor
vehicle in a public place while intoxicated, by reason of the intoxication causes serious bodily injury to another."
Penal Code § 49.07(a).
3. Blockburger v. United States, 284 U.S. 299, 304 (1932).