IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0956-08






JOE CHRISTIAN SALAZAR, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SEVENTH COURT OF APPEALS


POTTER COUNTY





 Keller, PJ., filed a concurring opinion.


 

 The Court holds that a habitation inherently provides notice that entry is forbidden. I agree,
but not for all of the reasons relied upon by the Court. Section 30.05 (b)(2)(B) defines "notice" to
include an "enclosure obviously designed to exclude intruders." Habitations are enclosures and, by
their nature, they are obviously designed to exclude intruders, so I would resolve this case simply
by reference to the statutory definition of "notice." 

 But the Court also relies upon common experience and societal norms to reach its conclusion. 
We instituted a bright-line rule in Hall, (1) and some day we may need to resort to non-statutory
guidance in a manner that erodes that bright line. I just don't think we need to do it here. 

 With these comments, I concur in the Court's judgment. 

Filed: June 3, 2009

Publish
 
1. 225 S.W.3d 524 (Tex. Crim. App. 2007).