COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| HECTOR FLORES, | § | No. 08-09-00134-CR |
| Appellant, | § | Appeal from the |
| V. | § | 120th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080D01993) |
|  | § |  |
|  | § |  |

**O P I N I O N**

Hector Flores was convicted of the offense of indecency with a child by sexual contact. He was sentenced to 15 years' imprisonment, and ordered to register as a sex offender. On appeal, he contends the evidence presented by the State was legally and factually insufficient to support the conviction, and that the trial court erred by refusing to instruct the jury regarding a lesser-included offense.

Appellant was indicted for the sexual assault of a minor child on April 30, 2008. In Count I of the indictment, the State alleged that Appellant assaulted the complainant, "by then and there touching any part of the genitals of said Complainant." Count II alleged that Appellant sexually assaulted the child, "by then and there touching the body of the said Complainant with [Appellant's] genitals."[1] A jury convicted Appellant of both counts as alleged, and sentenced

---

[1] The original indictment also included a third count, in which the State alleged that Appellant had exposed himself to the complainant. The State abandoned Count III prior to trial.

Appellant to fifteen years' imprisonment and assessed a $10,000 fine. Appellant's motion for new trial was overruled by operation of law, and he timely filed a notice of appeal to this Court.

Since Appellant filed his brief in this case, the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the standard for legal sufficiency defined by *Jackson v. Virginia. See Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010)(holding that "the *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense . . ."). Therefore, we may only consider his challenge to the legal sufficiency of the evidence.

Appellant's sufficiency arguments are contained in approximately three pages of his appellate brief. Following a recitation of the standard of review and essential elements of the offense, however, only the final two paragraphs of those three pages address the facts and evidence presented in this particular case. Regarding his contention that the evidence is legally insufficient, Appellant states:

> As fully explained in the 'Statement of Facts,' *supra*, and incorporated herein for purpose of argument, there was no evidence that [Appellant] intentionally or knowingly engaged in sexual contact by touching any part of the genitals of [the Complainant]. Thus, the State failed to prove each and every element of this offense beyond a reasonable doubt.

This passage does not contain citation to legal authority, nor does it present a legally cognizable argument beyond Appellant's summary conclusion that there was "no evidence" presented at trial. In addition, although the quoted passage incorporated the Appellant's statement of facts as support for the conclusion, a review of that statement of facts indicates that the Complainant's trial testimony included a detailed account of the alleged assault including

testimony that Appellant pulled his own pants down, forced the complainant to face him, and pushed the boy onto a bed where Appellant held him down and rubbed his own genitals against the complainant's.

Texas Rule of Appellate Procedure 38.1(i) requires an appellant's brief to contain a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i). Failure to provide such argument and citation results in waiver of the issue. *See Jackson v. State*, 50 S.W.3d 579, 591 n.1 (Tex.App.--Fort Worth 2001, pet. ref'd). Because Appellant's briefing on Issue One does not comply with the requirements of Rule 38.1, the issue is waived. *See* TEX.R.APP.P. 38.1(i). Accordinly, we overrule Issue One.

In Issue Two, Appellant argues the trial court erred by refusing to instruct the jury on the offense of indecency by exposure. The State responds, as it did in the trial court, by arguing that indecency by exposure is not a lesser-included of the charged offenses, and therefore the trial court's ruling was not in error.

Whether or not a particular offense is properly classified as a lesser-included of the charged offense is a question of law. *Hall v. State*, 225 S.W.3d 524, 535 (Tex.Crim.App. 2007). The Texas Code of Criminal Procedure provides that an offense is a "lesser-included offense" if it falls within at least one of the following categories: (1) the lesser offense is established by proof of the same or less than all the fact required to established the commission of the offense charged; (2) the lesser offense differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest established its commission; (3) the lesser offense differs from the charged offense only in the respect that a less culpable mental state is sufficient to establish its commission; or (4) the lesser offense consists of

an attempt to commit the charged offense, or another included offense. *See* TEX.CODE CRIM.PROC.ANN. art. 37.09 (West 2006).

Appellant's argument that indecency with a child by exposure is a lesser-included offense of indecency by contact focuses on Article 37.09(1). *Hall*, 225 S.W.3d at 535. To determine whether the requested lesser offense was a lesser-included offense, as Appellant contends, we must examine the statutory elements of the charged offense, as modified by the indictment, and compare them to the elements of the lesser-offense. *See Hall*, 225 S.W.3d at 535-36.

The elements of the charged offense, alleged in this case, are: (1) Appellant; (2) with the complainant, a child less than seventeen years of age; (3) not Appellant's spouse; (4) with intent to arouse or gratify the sexual desire of any person;(5) engaged in sexual contact with the complainant by, touching any part of the genitals of the complainant, or touching any part of the complainant's body with Appellant's genitals. *See* TEX.PENAL CODE ANN. § 21.11(a)(West Supp. 2010). "Sexual contact" for purposes of indecency with a child includes touching "through clothing." TEX.PENAL CODE ANN. § 21.11(c).

For comparison, the elements of an indecency by exposure offense are: (1) the defendant; (2) with a child less than seventeen years of age; (3) not the defendant's spouse; (4) with intent to arouse or gratify the sexual desire of any person; (5) exposed his genitals; (6) knowing a child was present. *See* TEX.PENAL CODE ANN. § 21.11(a)(2)(A).

Because the proof needed to establish an indecency offense by contact does not include evidence that the offender exposed his genitals, the requested lesser offense does not meet the criteria of Article 37.09(1). As such, indecency with a child by exposure was not a lesser-included of the charged offense, and the trial court did not err by refusing to include the

requested instruction in the jury charge. *See Hall*, 225 S.W.3d at 535-36. Issue Two is overruled.

Having overruled both of Appellant's issues, generally the proper disposition would be to affirm the judgment in its entirety. However, upon close inspection, the judgment is incomplete and requires modification. At the top of the page, the judgment identifies the cause number and refers to "Counts I & II of II." Under the heading, "Offense for which Defendant was Convicted" it states only "Indecency W/Child Sexual Contact." There is no indication that Appellant was, in fact, convicted of two separate counts of indecency with a child by contact. Therefore, the judgment will be modified to reflect both convictions. *See* TEX.CODE CRIM.PROC.ANN. art. 42.01, sec. 1(7), (13)(West Supp. 2010); TEX.R.APP.P. 43.2(b). Similarly, the judgment only refers to a single sentence of fifteen years' imprisonment and a single $10,000 fine, despite the entry of separate punishment verdicts for each conviction. When an accused is found guilty of multiple offenses in a single criminal proceeding, the court must pronounce a sentence for each offence. *See* TEX.PENAL CODE ANN. § 3.03(a)(West Supp. 2010). Because this judgment does not provide a distinction between Appellant's sentence for the Count I conviction, versus his conviction under Count II, it must be modified to do so.

Once modified to reflect Appellant's dual sentences, the question arises whether those sentences will be served consecutively or concurrently. *See* TEX.PENAL CODE ANN. § 3.03; TEX.CODE CRIM.PROC.ANN. art. 42.01, sec. 1(15), (19). Generally, multiple sentences arising out of the same criminal episode will run concurrently. TEX.PENAL CODE ANN. § 3.03(a). However, when as here, the defendant is convicted of more than one offense under Section 21.11, "the sentences may run concurrently or consecutively." *See* TEX.PENAL CODE ANN.

§ 3.03(b)(2). Appellant was convicted of more than one offense under Section 21.11, and separate punishment verdicts were entered for each conviction. When the trial court judge imposed each sentence, she did not specify that the sentences are to run consecutively. Therefore, we reform the judgment to reflect that the sentences are to run concurrently.

The judgment is affirmed as modified.


April 27, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)