

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-06-454-CR

ERIC EMIL WILLIAMS                                                        APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Eric Emil Williams of attempted sexual assault, found the habitual offender allegations true, and assessed his punishment at fifty-seven years' confinement.  The trial court sentenced him accordingly.  In two points, Appellant contends that he was denied effective assistance of counsel at trial and that the trial court erred by denying his request for a lesser

---

[1]*See* TEX. R. APP. P. 47.4.

included offense instruction. Because we hold that Appellant has not met his burden of proving ineffective assistance and that the trial court did not err by refusing to give a lesser included offense instruction on assault bodily injury, we affirm the trial court's judgment.

In his first point, Appellant contends that he received ineffective assistance at trial because at the guilt phase, his trial counsel referred to Appellant's criminal record, elicited testimony about it, and opened the door and failed to object to the prosecutor's questioning witnesses about it. This issue was not presented in a motion for new trial. Accordingly, Appellant's trial counsel's strategy, if any, for allowing that information before the jury cannot be determined. Based on the applicable standard of review,[2] we hold that Appellant has not met his burden of proving ineffective assistance of counsel. We overrule his first point.

In his second point, Appellant contends that the trial court erred by denying his requested lesser included offense instruction on assault bodily injury. We use a two-step analysis to determine whether an appellant was

---

[2]*See Strickland v. Washington*, 466 U.S. 668, 687-90, 694, 104 S. Ct. 2052, 2064-66, 2068 (1984); *Thompson v. State*, 9 S.W.3d 808, 812-14 (Tex. Crim. App. 1999).

entitled to a lesser included offense instruction.[3]  First, the lesser offense must come within article 37.09 of the code of criminal procedure.[4]  "An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged."[5]  This inquiry is a question of law.[6]  It does not depend on the evidence to be produced at the trial but is performed by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser included offense.[7]

The indictment provides that Appellant

did THEN AND THERE INTENTIONALLY, WITH THE SPECIFIC INTENT TO COMMIT THE OFFENSE OF SEXUAL ASSAULT OF [the complainant], DO AN ACT, TO-WIT: PINNED [the complainant] AGAINST THE WALL WITH HIS ARM, OR PULLED DOWN HIS PANTS EXPOSING ANY PART OF HIS GENITALS TO [the complainant]; OR ATTEMPTED TO SPREAD THE LEGS OF [the complainant], WHICH AMOUNTED TO MORE THAN MERE

---

[3]*Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919 (1993).

[4]T EX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *Moore v. State,* 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

[5]T EX. CODE CRIM. PROC. ANN. art. 37.09(1); *see also Hall*, 225 S.W.3d at 536.

[6]*Hall*, 225 S.W.3d at 535.

[7]*Id.* at 525, 535-36.

3

PREPARATION THAT TENDED BUT FAILED TO EFFECT THE COMMISSION OF THE OFFENSE INTENDED.

Assault bodily injury requires bodily injury;[8] attempted sexual assault as alleged in the indictment does not.[9] The evidence in the record that Appellant inflicted bodily injury on the complainant is immaterial to our determination.[10] Accordingly, we hold that assault bodily injury is not a lesser included offense of attempted sexual assault, and the trial court did not err by refusing to give the requested instruction. We overrule Appellant's second point.

Having overruled both of Appellant's points, we affirm the trial court's judgment.


PER CURIAM

PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: March 6, 2008

---

[8] TEX. PENAL CODE ANN. § 22.01(a)(1) (Vernon Supp. 2007).

[9]*See id.* § 15.01(a) (Vernon 2003), § 22.011(a)(1), (b) (Vernon Supp. 2007).

[10]*See Hall*, 225 S.W.3d at 525, 535-36.

4