In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00070-CR


______________________________




SANDRA HATCHER MOORE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Cass County, Texas


Trial Court No. CCLM080107




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Sandra Hatcher Moore was convicted of assault causing bodily injury, a class A
misdemeanor. The trial court imposed a one-year sentence, suspended its imposition, and placed her
on community supervision for two years. On appeal, she argues in a single point of error that the
trial court erred by refusing to include the lesser included offense of assault by threat in the jury
charge. Finding no error, we affirm the judgment. 

 The lesson of this case is simple: one should not extend the third finger of both hands at a
police officer while hanging out of the window of a car and screaming obscenities at him--and then
drive into the parking lot where the officer is already giving another individual a traffic ticket. It
annoys the officer, disturbs the peace, and causes him to reasonably wonder about the level of
sobriety of the person involved. 

 Texas Department of Public Safety Trooper Eric White testified that he observed Moore
engaging in all of these activities. After talking to her briefly, he arrested her for public intoxication,
and when Deputy Sheriff Butch Bates arrived and placed Moore in his patrol car, she attempted to
kick its window out (and failed). The officers then put leg restraints on Moore, but during the
process, according to the State, Moore kicked Bates, and this prosecution ensued. 

 Moore contends that the trial court committed reversible error by failing to include her
requested charge on the lesser included offense of assault by threat. A defendant is entitled to a
charge on a lesser offense if (1) the offense is a lesser included offense of the offense charged, (1) and
(2) there is some evidence that would permit the jury rationally to find that, if the defendant is guilty,
he or she is guilty only of the lesser offense. Applying the first step of the lesser included offense
analysis in the instant case, we do not consider the evidence that was presented at trial. Instead, we
consider only the statutory elements of greater offense as they were modified by the particular
allegations in the indictment or information. We then ask the question that Article 37.09(1) poses: 
are the elements of the lesser offense "established by proof of the same or less than all the facts
required to establish the commission of the offense charged?" Hall, 225 S.W.3d at 527. 

 In this case, Moore was charged with causing "bodily injury to Butch Bates, by kicking the
said Butch Bates about the left arm and side." The court submitted two separate charges to the
jury--assault causing bodily injury, and, as a lesser included offense, assault by contact. (Tex.
Penal Code Ann. § 22.01(a)(3) (Vernon Supp. 2008)). The jury answered only the assault with
bodily injury charge. Moore also requested that assault by threat, Tex. Penal Code Ann.
§ 22.01(a)(2) (Vernon Supp. 2008), be submitted as a lesser included offense, which the trial court
denied.

 The variations are set out together in the Texas Penal Code as follows:

 § 22.01. Assault


 (a) A person commits an offense if the person:

 (1) intentionally, knowingly, or recklessly causes bodily injury to
another . . . 

 (2) intentionally or knowingly threatens another with imminent
bodily injury . . .

 (3) intentionally or knowingly causes physical contact with
another when the person knows . . . that the other will regard the contact as
offensive or provocative.


Tex. Penal Code Ann. § 22.01(a) (Vernon Supp. 2008).


 The Texas Code of Criminal Procedure provides, in relevant part, that an offense is a lesser
included offense if:

 (1) it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged; [or]

 

 (2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property, or public interest suffices to
establish its commission . . . .


Tex. Code Crim. Proc. Ann. art. 37.09.


 When we compare the elements of assault causing bodily injury, Section 22.01(a)(1), with
the requested lesser charge, assault by threat, Section 22.01(a)(2), we find the alleged lesser offense
requires elements not required by the greater offense. Assault by threat requires proof that the
defendant threatened another with imminent bodily injury, whereas assault causing bodily injury
does not have elements of either "threaten" or "imminent" bodily injury. Assault by threat cannot
be a lesser included charge of assault causing bodily injury since it requires proof of more facts, not
the same or less. The trial court did not err in refusing to submit the requested charge to the jury. 
See Hall, 225 S.W.3d at 536. 

 Further, even if this was a lesser included offense, the record does not contain evidence of
a threat being made by Moore. The record thus does not support the second prong of the
requirements that must be met before a lesser included offense charge may be given, as there is no
evidence that would permit the jury rationally to find that, if the defendant is guilty, she is guilty only
of the lesser offense. The contention of error is overruled.

 We affirm the judgment.





 Jack Carter

 Justice


Date Submitted: October 15, 2008

Date Decided: October 20, 2008


Do Not Publish

1. See Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); Hall v. State, 225 S.W.3d 524,
535 (Tex. Crim. App. 2007); Wiggins v. State, 255 S.W.3d 766, 769 (Tex. App.--Texarkana 2008,
no pet.).