IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0519-07






ANTHONY WASYLINA, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 12-05-00263-CR

FROM THE TWELFTH COURT OF APPEALS

ANDERSON COUNTY




 Johnson, J., filed a concurring opinion in which Cochran, J., joined.


C O N C U R R I N G O P I N I O N 



 As we said in Hall v. State, 225 S.W.3d 524 (Tex. Crim. App. 2007), lesser-included offenses
must be ascertainable from the face of the indictment. The issue of whether a jury-charge instruction
on a given lesser-included offense is appropriate is a separate matter and, unlike determination of
what lesser offenses are included in the charged offense, that issue is dependent on the state of the
evidence at the conclusion of the guilt phase. 

 By its verdict, the jury found that appellant ought to have been aware of a substantial and
unjustifiable risk that Guthrie (or someone else) would be injured by his actions, but had failed to
perceive it. Failure to perceive a risk may arise from many circumstances. Perhaps appellant did
not perceive the risk because of anger and fear.

 Guthrie was highly intoxicated, had been harassing appellant and his friends for an extended
period of time, and had indirectly accused them of being liars when he said that he was following
them to make sure that they lived where they had told him they did. Arguably, Guthrie slandered
appellant and his friends when he told Foster that they were poachers. Finally, he began shooting
at them from a position hidden by darkness while they talked in their own driveway. A natural
reaction to such behavior is anger at the insinuations and fear at being the target of gunfire.

 Appellant, Foster, and Bryan confronted Guthrie about his attack on the group. When
Guthrie saw two guns, he put his own pistol in his front pocket-put away, but still quickly and easily
available. Appellant asserted authority over Guthrie by telling him to lie on the ground and to stay
there while they summoned the sheriff. The risk that appellant failed to perceive was standing only
four or five feet from a highly intoxicated and belligerent individual who had already demonstrated
irrational behavior. Agitated by the impending arrival of law enforcement and highly intoxicated,
Guthrie also failed to perceive a risk: lunging at a man holding a gun is not a good idea. 

 A rational jury could have found that Guthrie's death was an accident precipitated by
Guthrie's own actions. An equally rational jury would have sufficient evidence to find that appellant
failed to perceive a substantial and unjustifiable risk and is guilty of criminally negligent homicide. 
The challenged instruction was properly given. I join the opinion of the Court.


Filed: January 28, 2009

Publish