

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0519-07

**ANTHONY WASYLINA, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 12-05-00263-CR
### FROM THE TWELFTH COURT OF APPEALS
### ANDERSON COUNTY

**JOHNSON, J., filed a concurring opinion in which COCHRAN, J., joined.**

## CONCURRING OPINION

As we said in *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007), lesser-included offenses must be ascertainable from the face of the indictment. The issue of whether a jury-charge instruction on a given lesser-included offense is appropriate is a separate matter and, unlike determination of what lesser offenses are included in the charged offense, that issue is dependent on the state of the evidence at the conclusion of the guilt phase.

By its verdict, the jury found that appellant ought to have been aware of a substantial and

unjustifiable risk that Guthrie (or someone else) would be injured by his actions, but had failed to perceive it. Failure to perceive a risk may arise from many circumstances. Perhaps appellant did not perceive the risk because of anger and fear.

Guthrie was highly intoxicated, had been harassing appellant and his friends for an extended period of time, and had indirectly accused them of being liars when he said that he was following them to make sure that they lived where they had told him they did. Arguably, Guthrie slandered appellant and his friends when he told Foster that they were poachers. Finally, he began shooting at them from a position hidden by darkness while they talked in their own driveway. A natural reaction to such behavior is anger at the insinuations and fear at being the target of gunfire.

Appellant, Foster, and Bryan confronted Guthrie about his attack on the group. When Guthrie saw two guns, he put his own pistol in his front pocket–put away, but still quickly and easily available. Appellant asserted authority over Guthrie by telling him to lie on the ground and to stay there while they summoned the sheriff. The risk that appellant failed to perceive was standing only four or five feet from a highly intoxicated and belligerent individual who had already demonstrated irrational behavior. Agitated by the impending arrival of law enforcement and highly intoxicated, Guthrie also failed to perceive a risk: lunging at a man holding a gun is not a good idea.

A rational jury could have found that Guthrie's death was an accident precipitated by Guthrie's own actions. An equally rational jury would have sufficient evidence to find that appellant failed to perceive a substantial and unjustifiable risk and is guilty of criminally negligent homicide. The challenged instruction was properly given. I join the opinion of the Court.

Filed: January 28, 2009
Publish