IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0294-08






EX PARTE FRANK EUGENE WATSON, Appellant





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 12-07-00127-CR FROM THE 12TH COURT OF APPEALS


VAN ZANDT COUNTY






Holcomb, J., delivered the opinion of the Court in which Keller, P.J., Johnson,
Keasler, Hervey, and Cochran, JJ., joined. Keller, P.J., filed a concurring
opinion in which Cochran, J., joined. Cochran, J., filed a concurring opinion. 
Womack, J., filed a dissenting opinion in which Meyers and Price, JJ., joined.


O P I N I O N 



 In this case, we must determine whether (1) appellant's prosecution for intoxication assault (1)
included as one of its elements the offense of failure to yield right-of-way; (2) (2) the offense of failure
to yield right-of-way was thus a lesser-included offense of intoxication assault under this Court's
decision in Hall v. State, 225 S.W.3d 524 (Tex. Crim. App. 2007); and (3) the prosecution for
intoxication assault was therefore barred because he had already been punished for the offense of
failure to yield right-of-way. We hold that appellant's prosecution for intoxication assault is not
barred.

Background

 On July 14, 2003, appellant Frank Eugene Watson was arrested for intoxication assault and
was given a traffic citation for failure to yield right-of-way. The record shows that appellant, driving
a pickup truck, failed to yield the right-of-way while attempting to make a left turn at an intersection
and struck a motorcycle coming from the opposite direction. On August 26, 2003, appellant pleaded
no contest to the failure-to-yield charge in a justice of the peace court. The court accepted the plea
and ordered that "further disposition be deferred without adjudication of guilty [sic]" for a period
of sixty days. The court also ordered appellant to: (1) pay the court costs of $51; (2) commit no
offenses against the laws of the State of Texas or any other state or the United States; (3) complete
a Driver Safety Course; and (4) appear at the court again in sixty days and (a) present a sworn
statement that he had received no moving violations in the preceding sixty days, (b) present proof
of having completed the Driver Safety Course, and (c) pay a "Special Fee" of $104. Appellant
complied with those terms, and the court dismissed the failure-to-yield-right-of-way charge.

 About two years later, appellant was indicted for intoxication assault. He filed a pretrial
application for writ of habeas corpus claiming that his prosecution for intoxication assault was barred
by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because:
(1) he has already been "convicted and punished" for the offense of failure to yield right-of-way, (2)
the offense of failure to yield right-of-way has the "same elements" as those of intoxication assault,
and (3) the State cannot use "the same facts" necessary to prove the offense of failure to yield right-of-way to now prove intoxication assault. The trial court held a hearing on appellant's application
and, applying "the Blockburger rule," (3) found that "the offenses [of intoxication assault and failure
to yield right-of-way] are not the same" and that there was therefore "no violation of the double
jeopardy clause."

 Appellant appealed. The court of appeals, applying both the Blockburger rule and the
cognate-pleadings test that this Court adopted for lesser-included-offense analyses in Hall, 225
S.W.3d 524, held that the "offense of failure to yield right of way is not the same offense as
intoxication assault." Ex parte Watson, No. 12-07-00127-CR, 2007 Tex. App. LEXIS 9661 at *3
(Tex. App.-- Tyler, December 12, 2007) (not designated for publication). We granted appellant's
petition to review that holding.

Discussion

 Appellant argues that the court of appeals did not apply the proper test in determining
whether the indictment for intoxication assault contained the lesser-included offense of failure to
yield right-of-way for which he has already been punished. (4) He claims that the court of appeals
applied the federal standard, the Blockburger rule, which considers only the statutory elements of
the offenses in question, but that it did not examine "the facts and elements of the indictment" to
determine whether "the elements of a lesser-included offense could be deduced from that indictment,
as is required by Hall." Appellant argues that "Blockburger is used to test whether an offense is
included within another offense under the federal Double Jeopardy Clause," but that "in state cases,
the question of whether an offense is a lesser-included offense is determined by state law." Thus,
he argues that the court of appeals should have applied the Hall lesser-included-offense analysis,
which would have shown that the offense of failure to yield right-of-way is a lesser-included offense
of intoxication assault because all of the elements of failure to yield right-of-way "are set out in the
indictment or can be deduced from the facts and allegations in the indictment filed in this case" for
intoxication assault.

 We disagree. The problem with appellant's reasoning is that, although he quotes the
language we used in Hall, he misapplies it by emphasizing the evidence to be produced at trial. For
example, he argues that "the acts upon which the failure to yield right of way offense [was] charged
. . . were the same acts that gave rise to the intoxication assault offense . . . and that his arrest for
intoxication assault occurred at the same time he was issued [the citation] for the failure to yield right
of way offense." (Emphasis added.) (5) Indeed, appellant repeatedly tries to support his claim that the
failure to yield right-of-way offense is a lesser-included offense of intoxication assault by arguing
that the State would have to prove that appellant "failed to yield the right of way" by the use of the
same evidence considered by the justice-of-the-peace court at the failure-to-yield-right-of-way
proceeding. But appellant fails to realize that, under Hall, we do not even get to such evidence until
and unless the alleged lesser offense meets the requirements of the first step of the lesser-included-offense analysis. As we noted in Hall, "the answers to questions about lesser-included offenses must
be based on Article 37.09 of the Code of Criminal Procedure, which was Texas' first general statute
that defined lesser-included offenses." 225 S.W.3d at 526. We also noted how this "statute sets out
[a] two-step process of first looking at the charging instrument to discern the lesser-included offenses
and next determining whether the evidence at trial supports giving one of [the] predetermined lesser-included offense instructions." Id. at 531 (emphasis added). As we explained,

 The first step in the lesser-included-offense analysis, determining whether an
offense is a lesser-included offense of the alleged offense, is a question of law. It
does not depend on the evidence to be produced at the trial. It may be, and to
provide notice to the defendant must be, capable of being performed before trial by
comparing the elements of the offense as they are alleged in the indictment or
information with the elements of the potential lesser-included offense.


Id. at 535-36 (emphasis added). Although we recognized that "[t]he evidence adduced at trial should
remain an important part of the court's decision whether to charge the jury on lesser-included
offenses," we noted that we turn to such evidence only in "[t]he second step in the [lesser-included-offense] analysis [in which we] ask whether there is evidence that supports giving the [lesser-included-offense] instruction to the jury." Id. at 536.

 We will now apply the Hall lesser-included-offense analysis to the case before us. Once
again, "we do not consider the evidence that [would have been] presented at trial" in the first step
of this analysis. Id. "Instead, we consider only the statutory elements of [intoxication assault] as
[those elements] were modified by the particular allegations in the indictment." Id. The indictment
in the present case alleged, in relevant part, that appellant:

 did then and there operate a motor vehicle in a public place while intoxicated by not
having the normal use of mental or physical faculties by reason of the introduction
of alcohol, a controlled substance, a drug, or a dangerous drug into the body, or by
having an alcohol concentration of at least 0.08, and did by reason of such
intoxication cause serious bodily injury to another, namely, Michael Todd Kinnett
by accident or mistake, to-wit: failing to yield the right of way while turning left, and
the defendant did then and there use and exhibit a deadly weapon to-wit: a motor
vehicle which in the manner and means of its use or intended use was capable of
causing death or serious bodily injury.


 Texas Penal Code section 49.07, the statute on intoxication-assault under which appellant
was indicted, reads in relevant part:

 § 49.07. Intoxication Assault


 (a) A person commits an offense if the person, by accident or mistake:


 (1) . . . while operating a motor vehicle in a public place while intoxicated,
by reason of that intoxication causes serious bodily injury to another.


 Applying the first step of the Hall lesser-included-offense analysis, we find that the statutory
elements of intoxication assault, "as [those elements] were modified by the particular allegations in
the indictment," 225 S.W.3d at 536, are as follows:


 appellant
 by accident or mistake
 while operating a motor vehicle
 in a public place
 while intoxicated
 by reason of that intoxication
 caused serious bodily injury to another.


 Following the Hall analysis, we must now compare the above elements of intoxication
assault with the statutory elements of the alleged lesser offense of failure to yield right-of-way to
determine whether there are any elements of the failure-to-yield-right-of-way offense that could be
included in the intoxication-assault offense. Id. The Texas Transportation Code Section 545.152,
referring to the offense of failure to yield right-of-way as "Vehicle Turning Left," defines that
offense as follows:

 § 545.152. Vehicle Turning Left.

 

 To turn left at an intersection or into an alley or private road or driveway, an
operator shall yield the right-of-way to a vehicle that is approaching from the
opposite direction and that is in the intersection or in such proximity to the
intersection as to be an immediate hazard.


 Thus, the statutory elements of failure to yield right-of-way for the purpose of the Hall lesser-included-offense analysis are:


 appellant
 in turning left
 (a) at an intersection or


 (b) into an alley or

 (c) private road or 

 (d) driveway


 failed to yield the right-of-way
 to a vehicle that was
 (a) approaching from the opposite direction and


 (b) (1) was in the intersection or 

 (2) in such proximity to the intersection as to be an immediate hazard.

 Comparing the above elements of the two offenses, we see that the only elements of the
failure-to-yield-right-of-way offense that can be included in the intoxication-assault offense are
"appellant" and "operating a motor vehicle" (which is expressly delineated as an element in the
intoxication-assault statute and clearly implied as an element in the failure-to-yield-right-of-way
statute).

 We conclude the first step of the Hall lesser-included-offense analysis by "ask[ing] the
question that Article 37.09(1) poses: are the elements of the lesser offense 'established by proof of
the same or less than all the facts required to establish[] the commission of the offense charged'?" 
Id. The answer is that they are not. The facts required to prove the alleged lesser offense of failure
to yield right-of-way include several elements that are not the same as, or less than, those required
to establish the alleged greater offense of intoxication assault with which appellant had been charged,
namely, elements 3-6 of failure to yield right-of-way given above ("at an intersection or into an alley
or private road or driveway"; "failed to yield the right-of-way"; "to a vehicle that was"; "approaching
from the opposite direction" and "was in the intersection or in such proximity to the intersection as
to be an immediate hazard").

 The above analysis should also help to clarify the source of the error in appellant's reasoning. 
Appellant's argument, indeed his whole brief, is centered on the fact that the State had mentioned

"failing to yield the right of way while turning left" in the indictment. See the text of the indictment
quoted earlier. Appellant misunderstood us when we said in Hall that we must consider the statutory
elements of the indicted/alleged-greater offense "as [those elements] were modified by the particular
allegations in the indictment." 225 S.W.3d at 536. Nowhere in that opinion did we say that the use
of any language in the indictment that was not required by the statute transforms such language into
additional elements of the charged offense. The State's mention of "failing to yield the right of way
while turning left" in the indictment for intoxication assault describes the statutory element of
"accident or mistake." While the use of such language in the indictment might be helpful in
providing notice to appellant and later in proving to the jury as to how appellant was supposed to
have caused the bodily injury in question, it does not increase or change the number of elements for
the greater offense beyond that defined by the statute itself. As the above-quoted text plainly shows,
the intoxication-assault statute merely requires a showing that the defendant in a given case
"cause[d]" serious bodily injury to another "by reason of" his intoxicated state. See Tex. Pen. Code
§ 49.07. It does not say anything about the specific manner in which such injury was caused, merely
requiring such injury to be the result of an "accident or mistake" as opposed to being intentional. 
Thus, the particular manner in which the injury was caused is not an "element" of the intoxication-assault offense, and we therefore do not consider any such descriptive language in the indictment
(e.g., pertaining to the type of "accident or mistake" involved, as in the present case), at least in the
first step of our lesser-included-offense analysis. (6)

Conclusion

 Because the offense of failure to yield right-of-way fails to qualify as a lesser offense of
intoxication assault under the first step of the Hall lesser-included-offense analysis, we do not reach
the second part of that analysis. We therefore hold that failure-to-yield-right-of-way is not a lesser-included offense of intoxication assault and that appellant's prosecution for intoxication assault is
not barred by the proceedings held in connection with the failure-to-yield-right-of-way charge. The
judgment of the court of appeals is affirmed.

DELIVERED: May 6, 2009.

PUBLISH
1. Tex. Pen. Code § 49.07.
2. The actual title of the offense is "Vehicle Turning Left." Tex. Transp. Code § 545.152.
But, for the sake of consistency, we will refer to it as "failure to yield right-of-way," as the court
of appeals has done.
3. Blockburger v. United States, 284 U.S. 299, 304 (1932):


 The applicable rule is that where the same act or transaction constitutes a violation
of two distinct statutory provisions, the test to be applied to determine whether there
are two offenses or only one, is whether each provision requires proof of a fact which
the other does not.
4. We note that the State has argued in its brief that jeopardy did not attach in appellant's
failure-to-yield-right-of-way case. But the court of appeals did not address this question, see
Watson, 2007 Tex. App. LEXIS 9661 at *2 n.3 ("Because the offenses are not the same, we do
not reach the question of whether the dismissed misdemeanor offense [failure to yield right-of-way] is a former jeopardy."). We decline to address this question as well because we granted
review solely to determine the Hall issue in this case, i.e., whether


 [t]he court of appeals erred in holding that Mr. Watson's punishment for the offense
of failure to yield the right-of-way did not bar his prosecution for intoxication assault
because the indictment charging the intoxication assault included, as one of its
elements, the offense of failure to yield the right-of-way, under this Court's decision
in Hall v. State.
5. We note that, as the just-quoted language itself shows, appellant's approach in fact
seems to be more akin to the "same-conduct" test introduced by Grady v. Corbin, 495 U.S. 508
(1990). But the Supreme Court itself expressly overruled Grady just three years later,
disavowing its "same-conduct" test, and calling the case "a mistake," see United States v. Dixon,
509 U.S. 688, 711 (1993), and we said nothing in Hall to suggest a reincarnation of that test in
the State of Texas.
6. We note that nowhere in his petition for discretionary review or in his brief has appellant
specifically argued that the language "by accident or mistake, to-wit: failing to yield the right of
way while turning left" in the indictment serves to transform "failing to yield the right of way
while turning left" itself into the "by accident or mistake" element of the intoxication-assault
offense. Rather, as we have noted earlier, his whole argument is that the State would have to
prove the same acts (failure to turn left) for the intoxication-assault offense as were used to prove
the failure-to-yield right-of-way. As we explained, such an argument comes within the realm of
the Grady "same-conduct" test that was expressly disavowed by the Supreme Court itself in
Dixon. To the extent that our decision in Hall would endorse such an interpretation, it would run
equally afoul of Dixon.


 We note further, however, that even if appellant had made the above argument, that argument
would still fail for two reasons. First, as noted in the text of the opinion, we read the language
"failing to yield the right of way while turning left" in the indictment as an attempt to show the
specific manner in which the accident occurred. In other words, the failure to yield right-of-way is
not itself an element of the offense, but a factual allegation intended to specify the manner in which
the "accident or mistake" (the actual element of the offense) occurred. Second, even assuming
arguendo that the use of the language "failing to yield the right of way while turning left" in that
particular context transformed that allegation into an element, the alleged lesser offense of failure
to yield right-of-way still has several elements that the intoxication-assault offense does not, i.e., the
above-listed elements 3, 5 and 6 of failure to yield right-of-way ("at an intersection or into an alley
or private road or driveway"; "to a vehicle that was"; "approaching from the opposite direction" and
"was in the intersection or in such proximity to the intersection as to be an immediate hazard"). As
we explained, the intoxication-assault statute itself merely requires a showing that the defendant in
a given case, "by accident or mistake," "cause[d] serious bodily injury to another " "by reason of"
his intoxicated state. Tex. Pen. Code § 49.07. It does not specify the manner in which such injury
was caused.