

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0294-08

### EX PARTE FRANK EUGENE WATSON, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### IN CAUSE NO. 12-07-00127-CR FROM THE 12TH COURT OF APPEALS
### VAN ZANDT COUNTY

**HOLCOMB, J.,** *delivered the opinion of the Court in which* **KELLER, P.J., JOHNSON, KEASLER, HERVEY,** *and* **COCHRAN, JJ.,** *joined.* **KELLER, P.J.,** *filed a concurring opinion in which* **COCHRAN, J.,** *joined.* **COCHRAN, J.,** *filed a concurring opinion.* **WOMACK, J.,** *filed a dissenting opinion in which* **MEYERS** *and* **PRICE, JJ.,** *joined.*

### **O P I N I O N**

In this case, we must determine whether (1) appellant's prosecution for intoxication assault[1] included as one of its elements the offense of failure to yield right-of-way;[2] (2) the offense of failure to yield right-of-way was thus a lesser-included offense of intoxication assault under this Court's decision in *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007); and (3) the prosecution for

---

[1]TEX. PEN. CODE § 49.07.

[2]The actual title of the offense is "Vehicle Turning Left." TEX. TRANSP. CODE § 545.152. But, for the sake of consistency, we will refer to it as "failure to yield right-of-way," as the court of appeals has done.

intoxication assault was therefore barred because he had already been punished for the offense of failure to yield right-of-way. We hold that appellant's prosecution for intoxication assault is not barred.

*Background*

On July 14, 2003, appellant Frank Eugene Watson was arrested for intoxication assault and was given a traffic citation for failure to yield right-of-way. The record shows that appellant, driving a pickup truck, failed to yield the right-of-way while attempting to make a left turn at an intersection and struck a motorcycle coming from the opposite direction. On August 26, 2003, appellant pleaded no contest to the failure-to-yield charge in a justice of the peace court. The court accepted the plea and ordered that "further disposition be deferred without adjudication of guilty [sic]" for a period of sixty days. The court also ordered appellant to: (1) pay the court costs of $51; (2) commit no offenses against the laws of the State of Texas or any other state or the United States; (3) complete a Driver Safety Course; and (4) appear at the court again in sixty days and (a) present a sworn statement that he had received no moving violations in the preceding sixty days, (b) present proof of having completed the Driver Safety Course, and (c) pay a "Special Fee" of $104. Appellant complied with those terms, and the court dismissed the failure-to-yield-right-of-way charge.

About two years later, appellant was indicted for intoxication assault. He filed a pretrial application for writ of habeas corpus claiming that his prosecution for intoxication assault was barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution because: (1) he has already been "convicted and punished" for the offense of failure to yield right-of-way, (2) the offense of failure to yield right-of-way has the "same elements" as those of intoxication assault, and (3) the State cannot use "the same facts" necessary to prove the offense of failure to yield right-

of-way to now prove intoxication assault. The trial court held a hearing on appellant's application and, applying "the *Blockburger* rule,"[3] found that "the offenses [of intoxication assault and failure to yield right-of-way] are not the same" and that there was therefore "no violation of the double jeopardy clause."

Appellant appealed. The court of appeals, applying both the *Blockburger* rule and the cognate-pleadings test that this Court adopted for lesser-included-offense analyses in *Hall*, 225 S.W.3d 524, held that the "offense of failure to yield right of way is not the same offense as intoxication assault." *Ex parte Watson*, No. 12-07-00127-CR, 2007 Tex. App. LEXIS 9661 at *3 (Tex. App.— Tyler, December 12, 2007) (not designated for publication). We granted appellant's petition to review that holding.

*Discussion*

Appellant argues that the court of appeals did not apply the proper test in determining whether the indictment for intoxication assault contained the lesser-included offense of failure to yield right-of-way for which he has already been punished.[4] He claims that the court of appeals

---

[3]*Blockburger v. United States*, 284 U.S. 299, 304 (1932):

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

[4]We note that the State has argued in its brief that jeopardy did not attach in appellant's failure-to-yield-right-of-way case. But the court of appeals did not address this question, s*ee Watson*, 2007 Tex. App. LEXIS 9661 at *2 n.3 ("Because the offenses are not the same, we do not reach the question of whether the dismissed misdemeanor offense [failure to yield right-of-way] is a former jeopardy."). We decline to address this question as well because we granted review solely to determine the *Hall* issue in this case, *i.e.*, whether

(continued...)

applied the federal standard, the *Blockburger* rule, which considers only the statutory elements of the offenses in question, but that it did not examine "the facts and elements of the indictment" to determine whether "the elements of a lesser-included offense could be deduced from that indictment, as is required by *Hall*." Appellant argues that "*Blockburger* is used to test whether an offense is included within another offense under the federal Double Jeopardy Clause," but that "in state cases, the question of whether an offense is a lesser-included offense is determined by state law." Thus, he argues that the court of appeals should have applied the *Hall* lesser-included-offense analysis, which would have shown that the offense of failure to yield right-of-way is a lesser-included offense of intoxication assault because all of the elements of failure to yield right-of-way "are set out in the indictment or can be deduced from the facts and allegations in the indictment filed in this case" for intoxication assault.

We disagree. The problem with appellant's reasoning is that, although he quotes the language we used in *Hall*, he misapplies it by emphasizing the evidence to be produced at trial. For example, he argues that "the *acts* upon which the failure to yield right of way offense [was] charged . . . were the same *acts* that gave rise to the intoxication assault offense . . . and that his arrest for intoxication assault occurred at the same time he was issued [the citation] for the failure to yield right of way offense." (Emphasis added.)[5] Indeed, appellant repeatedly tries to support his claim that the

---

[4](...continued)
[t]he court of appeals erred in holding that Mr. Watson's punishment for the offense of failure to yield the right-of-way did not bar his prosecution for intoxication assault because the indictment charging the intoxication assault included, as one of its elements, the offense of failure to yield the right-of-way, under this Court's decision in *Hall v. State*.

[5]We note that, as the just-quoted language itself shows, appellant's approach in fact

(continued...)

failure to yield right-of-way offense is a lesser-included offense of intoxication assault by arguing

that the State would have to prove that appellant "failed to yield the right of way" by the use of the

same *evidence* considered by the justice-of-the-peace court at the failure-to-yield-right-of-way

proceeding. But appellant fails to realize that, under *Hall*, we do not even get to such evidence until

and unless the alleged lesser offense meets the requirements of the first step of the lesser-included-

offense analysis. As we noted in *Hall*, "the answers to questions about lesser-included offenses must

be based on Article 37.09 of the Code of Criminal Procedure, which was Texas' first general statute

that defined lesser-included offenses." 225 S.W.3d at 526. We also noted how this "statute sets out

[a] *two*-step process of first looking at the charging instrument to discern the lesser-included offenses

and next determining whether the evidence at trial supports giving one of [the] predetermined lesser-

included offense instructions." *Id.* at 531 (emphasis added). As we explained,

> The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a *question of law*. *It does not depend on the evidence to be produced at the trial.* It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the *elements* of the offense as they are alleged in the indictment or information with the *elements* of the potential lesser-included offense.

*Id.* at 535-36 (emphasis added). Although we recognized that "[t]he evidence adduced at trial should

remain an important part of the court's decision whether to charge the jury on lesser-included

offenses," we noted that we turn to such evidence only in "[t]he *second* step in the [lesser-included-

offense] analysis [in which we] ask whether there is evidence that supports giving the [lesser-

---

[5](...continued)
seems to be more akin to the "same-conduct" test introduced by *Grady v. Corbin*, 495 U.S. 508 (1990). But the Supreme Court itself expressly overruled *Grady* just three years later, disavowing its "same-conduct" test, and calling the case "a mistake," s*ee United States v. Dixon*, 509 U.S. 688, 711 (1993), and we said nothing in *Hall* to suggest a reincarnation of that test in the State of Texas.

included-offense] instruction to the jury." *Id.* at 536.

We will now apply the *Hall* lesser-included-offense analysis to the case before us. Once again, "we do not consider the evidence that [would have been] presented at trial" in the first step of this analysis. *Id.* "Instead, we consider only the statutory elements of [intoxication assault] as [those elements] were modified by the particular allegations in the indictment." *Id.* The indictment in the present case alleged, in relevant part, that appellant:

> did then and there operate a motor vehicle in a public place while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a dangerous drug into the body, or by having an alcohol concentration of at least 0.08, and did by reason of such intoxication cause serious bodily injury to another, namely, Michael Todd Kinnett by accident or mistake, to-wit: failing to yield the right of way while turning left, and the defendant did then and there use and exhibit a deadly weapon to-wit: a motor vehicle which in the manner and means of its use or intended use was capable of causing death or serious bodily injury.

Texas Penal Code section 49.07, the statute on intoxication-assault under which appellant was indicted, reads in relevant part:

§ 49.07.  Intoxication Assault

(a) A person commits an offense if the person, by accident or mistake:

(1) . . . while operating a motor vehicle in a public place while intoxicated, by reason of that intoxication causes serious bodily injury to another.

Applying the first step of the *Hall* lesser-included-offense analysis, we find that the statutory elements of intoxication assault, "as [those elements] were modified by the particular allegations in the indictment," 225 S.W.3d at 536, are as follows:

1. appellant

2. by accident or mistake

3. while operating a motor vehicle

4. in a public place

5. while intoxicated

6. by reason of that intoxication

7. caused serious bodily injury to another.

Following the *Hall* analysis, we must now compare the above elements of intoxication assault with the statutory elements of the alleged lesser offense of failure to yield right-of-way to determine whether there are any elements of the failure-to-yield-right-of-way offense that could be included in the intoxication-assault offense. *Id.* The Texas Transportation Code Section 545.152, referring to the offense of failure to yield right-of-way as "Vehicle Turning Left," defines that offense as follows:

§ 545.152. Vehicle Turning Left.

To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard.

Thus, the statutory elements of failure to yield right-of-way for the purpose of the *Hall* lesser-included-offense analysis are:

1. appellant

2. in turning left

3. (a) at an intersection or

   (b) into an alley or

   (c) private road or

(d) driveway

4. failed to yield the right-of-way

5. to a vehicle that was

6. (a) approaching from the opposite direction and

   (b) (1) was in the intersection or

      (2) in such proximity to the intersection as to be an immediate hazard.

Comparing the above elements of the two offenses, we see that the only elements of the failure-to-yield-right-of-way offense that can be included in the intoxication-assault offense are "appellant" and "operating a motor vehicle" (which is expressly delineated as an element in the intoxication-assault statute and clearly implied as an element in the failure-to-yield-right-of-way statute).

We conclude the first step of the *Hall* lesser-included-offense analysis by "ask[ing] the question that Article 37.09(1) poses: are the elements of the lesser offense 'established by proof of the same or less than all the facts required to establish[] the commission of the offense charged'?" *Id.* The answer is that they are not. The facts required to prove the alleged lesser offense of failure to yield right-of-way include several elements that are not the same as, or less than, those required to establish the alleged greater offense of intoxication assault with which appellant had been charged, namely, elements 3-6 of failure to yield right-of-way given above ("at an intersection or into an alley or private road or driveway"; "failed to yield the right-of-way"; "to a vehicle that was"; "approaching from the opposite direction" and "was in the intersection or in such proximity to the intersection as to be an immediate hazard").

The above analysis should also help to clarify the source of the error in appellant's reasoning.

Appellant's argument, indeed his whole brief, is centered on the fact that the State had mentioned "failing to yield the right of way while turning left" in the indictment. *See* the text of the indictment quoted earlier. Appellant misunderstood us when we said in *Hall* that we must consider the statutory elements of the indicted/alleged-greater offense "as [those elements] were modified by the particular allegations in the indictment." 225 S.W.3d at 536. Nowhere in that opinion did we say that the use of any language in the indictment that was not required by the statute transforms such language into additional elements of the charged offense. The State's mention of "failing to yield the right of way while turning left" in the indictment for intoxication assault describes the statutory element of "accident or mistake." While the use of such language in the indictment might be helpful in providing notice to appellant and later in proving to the jury as to how appellant was supposed to have caused the bodily injury in question, it does not increase or change the number of elements for the greater offense beyond that defined by the statute itself. As the above-quoted text plainly shows, the intoxication-assault statute merely requires a showing that the defendant in a given case "cause[d]" serious bodily injury to another "by reason of" his intoxicated state. *See* TEX. PEN. CODE § 49.07. It does not say anything about the specific *manner* in which such injury was caused, merely requiring such injury to be the result of an "accident or mistake" as opposed to being intentional. Thus, the particular *manner* in which the injury was caused is not an "element" of the intoxication-assault offense, and we therefore do not consider any such descriptive language in the indictment (*e.g.,* pertaining to the type of "accident or mistake" involved, as in the present case), at least in the first step of our lesser-included-offense analysis.[6]

---

[6]We note that nowhere in his petition for discretionary review or in his brief has appellant specifically argued that the language "by accident or mistake, to-wit: failing to yield the right of
(continued...)

*Conclusion*

Because the offense of failure to yield right-of-way fails to qualify as a lesser offense of intoxication assault under the first step of the *Hall* lesser-included-offense analysis, we do not reach the second part of that analysis. We therefore hold that failure-to-yield-right-of-way is not a lesser-included offense of intoxication assault and that appellant's prosecution for intoxication assault is not barred by the proceedings held in connection with the failure-to-yield-right-of-way charge. The judgment of the court of appeals is affirmed.

DELIVERED: May 6, 2009.

---

[6](...continued)
way while turning left" in the indictment serves to transform "failing to yield the right of way while turning left" itself into the "by accident or mistake" element of the intoxication-assault offense. Rather, as we have noted earlier, his whole argument is that the State would have to prove the same *acts* (failure to turn left) for the intoxication-assault offense as were used to prove the failure-to-yield right-of-way. As we explained, such an argument comes within the realm of the *Grady* "same-conduct" test that was expressly disavowed by the Supreme Court itself in *Dixon*. To the extent that our decision in *Hall* would endorse such an interpretation, it would run equally afoul of *Dixon*.

We note further, however, that even if appellant had made the above argument, that argument would still fail for two reasons. First, as noted in the text of the opinion, we read the language "failing to yield the right of way while turning left" in the indictment as an attempt to show the specific *manner* in which the accident occurred. In other words, the failure to yield right-of-way is not itself an element of the offense, but a factual allegation intended to specify the manner in which the "accident or mistake" (the actual element of the offense) occurred. Second, even assuming *arguendo* that the use of the language "failing to yield the right of way while turning left" in that particular context transformed that allegation into an element, the alleged lesser offense of failure to yield right-of-way still has several elements that the intoxication-assault offense does not, *i.e.*, the above-listed elements 3, 5 and 6 of failure to yield right-of-way ("at an intersection or into an alley or private road or driveway"; "to a vehicle that was"; "approaching from the opposite direction" and "was in the intersection or in such proximity to the intersection as to be an immediate hazard"). As we explained, the intoxication-assault statute itself merely requires a showing that the defendant in a given case, "by accident or mistake," "cause[d] serious bodily injury to another " "by reason of" his intoxicated state. TEX. PEN. CODE § 49.07. It does not specify the *manner* in which such injury was caused.

PUBLISH