Opinion issued May 31, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00155-CR

———————————

aljero sentese collins, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 337th District Court

Harris County, Texas



Trial Court Case No. 1222489

 



 

MEMORANDUM OPINION

          A
jury found appellant, Aljero Sentese Collins, guilty of the offense of capital
murder,[1] and the trial court assessed
his punishment at confinement for life.In two issues, appellant contends that the
trial court, in its charge to the jury, did not require the jury to find that
appellant had the requisite mental state to sustain a conviction for capital
murder and erred in not instructing the jury on the lesser-included offense of
murder.   

          We
affirm.

Background

          A
Harris County Grand Jury issued a true bill of indictment, accusing appellant
of the felony offense of capital murder and alleging that appellant

unlawfully, while in the
course of committing and attempting to commit the BURGLARY OF A BUILDING OWNED
BY ELIZABETH THOMAS, intentionally cause[d] the death of [the complainant]
DEANNA WILDER WITH A DEADLY WEAPON, NAMELY A FIREARM.  

 

During trial, LaTonya Thomas, the
cousin of the complainant, testified that on June 22, 2009, as she was dropping
her children off at the home of her aunt, appellant approached her and asked
her if she had seen the complainant, who was his girlfriend.  Although Thomas had just seen the complainant
outside the house, Thomas told appellant that she had not seen the complainant
because he looked mad.  Thomas then walked
up to the house with her children, and appellant followed.  When the front door to the house opened, Thomas
saw the complainant sitting in the living room. 
The complainant looked scared, jumped over a table, and ran into another
room.  Thomas tried to close the front
door, but appellant used his foot to keep the door open.  Appellant asked to see the complainant, but
the aunt closed the door and locked it. 
Appellant then “kicked the door,” “pulled his gun out,” aimed it at the
complainant, and fired it as she ran into a bedroom.  Appellant’s shot almost hit one of the
children, and the complainant came out of the bedroom.  Appellant then shot the complainant in the
back, and, as Thomas and the complainant tried to wrestle the gun from appellant’s
hands, he threw the complainant down onto the floor, stood over her, and shot
herin the head, killing her.   

In its charge, the trial court
instructed the jury, in pertinent part, 

A person commits the offense
of murder if he intentionally or knowingly causes the death of an individual.

 

A person commits the offense
of capital murder if he intentionally commits murder, as hereinbefore defined,
in course of committing or attempting to commit the offense of burglary of a
building.

 

Burglary
of a building is a felony offense.

 

.
. . .

 

A person commits the offense
of burglary of a building if, without the effective consent of the owner, the
person:(1) enters a building or any portion of a building not then open to the
public, with intent to commit a felony, theft, or an assault; or (2) enters a
building and commits or attempts to commit a felony, theft, or an assault.

 

.
. . .

 

The definition of
intentionally relative to the offense of capital murder is as follows: A person
acts intentionally, or with intent, with respect to a result of his conduct
when it is his conscious objective or desire to cause the result.

 

The definition of
intentionally relative to the offense of burglary of a building is as follows: A
person acts intentionally, or with intent, with respect to the nature of his
conduct or to a result of his conduct when it is his conscious objective or
desire to engage in the conduct or cause the result.

 

.
. . .

 

A person acts knowingly, or
with knowledge, with respect to the nature of his conduct or to circumstances
surrounding his conduct when he is aware of the nature of his conduct or that
the circumstances exist. A person acts knowingly, or with knowledge, with
respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.

 

Before you would be
warranted in finding the defendant guilty of capital murder, you must find from
the evidence beyond a reasonable doubt not only that on the occasion in
question the defendant was in the course of committing or attempting to commit the
felony offense of burglary of a building owned by Elizabeth Thomas, as alleged
in this charge, but also that the defendant specifically intended to cause the
death of [the complainant], by shooting [her] with a deadly weapon, namely a
firearm, and unless you so find, then you cannot convict the defendant of the
offense of capital murder.

 

Jury Charge

          In
his first issue, appellant argues that the trial court erred in so instructing
the jury because “the use of burglary as a predicate offense for the capital
murder is constitutionally impermissible when the same felony (the murder) is
used to raise criminal trespass to burglary and then used to raise murder to
capital murder.”  Appellant further
argues that the trial court erred in instructing the jury as it did because the
charge “erroneously allowed [him] to be convicted of capital murder” but “denied
him due process by failing to [require the jury to] find [the] two specific
culpable mental states required under the capital murder statute.”In sum, appellant’s
primary complaint is that the jury charge “failed to require a separate intent
for burglary and intent for the murder.”

A person commits the offense of
capital murder if he intentionally commits a murder “in the course of
committing or attempting to commit kidnapping, burglary, robbery, aggravated
sexual assault, arson, obstruction or retaliation, or terroristic threat.” Tex. Penal Code Ann. § 19.03(a)(2) (Vernon
Supp. 2011). A person commits the offense of murder if he intentionally or
knowingly causes the death of an individual. Id. § 19.02(b)(1) (Vernon 2011). A person commits the offense of
burglary if he “without the effective consent of the owner ...enters a building
or habitation and commits or attempts to commit a felony, theft, or an
assault.” Id. § 30.02(a)(3) (Vernon
2011).

Here, the trial court’s
instructions required the jury to find that appellant intentionally caused the
death of the complainant and did so in the course of committing or attempting
to commit the offense of burglary.  The
charge tracked the language of the indictment, and it required the jury to find
each element of the offense identified in the relevant statues.  See Tex. Penal Code Ann.§§19.02(b)(1),
19.03(a)(2), 30.02(a)(3).  The Texas Court
of Criminal Appeals has rejected arguments identical to those presented by
appellant.  See Homan v. State, 19 S.W.3d 847 (Tex.Crim. App. 2000) (rejecting
argument that State had improperly used intentional murder of complainant to
transform illegal entry of habitation into burglary and then used same
intentional murder coupled with burglary to establish offense of capital murder);Matamoros v. State, 901 S.W.2d 470, 474
(Tex.Crim.App.1995) (holding that, where evidence showed appellant entered complainant’s
home without permission and subsequently murdered her, intent necessary to
establish felony of burglary was shown by ultimate murder).  Accordingly, we hold that the trial court did
not err in instructing the jury on the capital-murder offense.  

We overrule appellant’s first
issue.

Lesser-Included Offense

          In
his second issue, appellant argues that the trial court erred in not instructing
the jury on the lesser-included offense of murder because there is “some
evidence that he did not burglarize the house.”

We use a two-step analysis to
determine whether a defendant is entitled to a lesser-included offense
instruction. Hall v. State, 225
S.W.3d 524, 528 (Tex.Crim.App.2007); Rousseau
v. State, 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993). First, an offense is
a lesser-included offense if (1) it is established by proof of the same or less
than all the facts required to establish the commission of the offense charged;
(2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property or public interest
suffices to establish its commission; (3) it differs from the offense charged
only in the respect that a less culpable mental state suffices to establish its
commission; or (4) it consists of an attempt to commit the offense charged or
an otherwise included offense. Tex. Code
Crim. Proc. Ann. art. 37.09 (Vernon 2011). We compare the elements of
the offense as they are alleged in the indictment or information with the
elements of the potential lesser-included offense. Hall, 225 S.W.3d at 535–36.

Second, some evidence must exist in
the record that would permit a rational jury to find that the defendant is
guilty only of the lesser offense, if he is guilty at all. Hall, 225 S.W.3d at 536; Salinas
v. State, 163 S.W.3d 734, 741 (Tex.Crim.App.2005); Rousseau, 855 S.W.2d at 672–73. There must be some evidence from
which a rational jury could acquit the defendant of the greater offense while
convicting him of the lesser-included offense. Moore v. State, 969 S.W.2d 4, 8 (Tex.Crim.App.1998). We may not
consider whether the evidence is credible, controverted, or in conflict with
other evidence. Id. Anything more
than a scintilla of evidence entitles a defendant to a lesser charge. Hall, 225 S.W.3d at 536.

Because the State concedes that
murder is a lesser-included offense of capital murder, we address only the
second prong by examining whether the evidence would allow a rational jury to
find that, if appellant was guilty, he was guilty only of murder. See id. The indictment alleged that
appellant, in the course of committing burglary, intentionally caused the death
of the complainant. For appellant to be guilty only of murder, the jury would
have to find that he shot the complainant without committing burglary. See Tex.
Penal Code Ann. § 19.03(a) (2) (defining capital murder to include
murder “in the course of committing ... burglary”). Although appellant asserts
that there was some evidence that he had “merely pushed” open the door of the
home rather than kicked it, appellant does not provide a record reference to
any testimony from which a fact finder could have determined that appellant did
not commit a burglary in the course of shooting the complainant. Thus, there is
no evidence in the record from which a rational jury could have convicted
appellant only of murder and not of capital murder. Accordingly, we hold that
the trial court did not err in denying appellant’s request to instruct the jury
on the lesser-included offense of murder.

We overrule appellant’s second
issue.

 

 

 

 

 

Conclusion

          We
affirm the judgment of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Jennings and Keyes.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann.§ 19.03 (Vernon Supp.
2011).