**REVERSED AND REMANDED; and Opinion Filed February 20, 2014.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-12-01261-CR**

_____

**TOMMY STONE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F11-59672-Y**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Lang-Miers

Appellant Tommy Stone appeals from the trial court's judgment of conviction for aggravated assault by causing serious bodily injury and sentence of 40 years' imprisonment and $10,000 fine. In two issues, he argues that the trial court abused its discretion by overruling his objection to the inclusion of an instruction on aggravated assault, and the evidence is insufficient to support the judgment assessing court costs. We reverse the trial court's judgment and remand for further proceedings. We issue this memorandum opinion because the issues are settled. TEX. R. APP. P. 47.4.

The indictment in this case alleged that appellant committed aggravated robbery by causing bodily injury and by using or exhibiting a deadly weapon. The jury charge included two instructions on aggravated assault: aggravated assault by causing serious bodily injury, and aggravated assault by using or exhibiting a deadly weapon. Appellant objected to the inclusion

of the charge on aggravated assault by causing serious bodily injury because it was not a lesser included offense of aggravated robbery as charged in the indictment. The trial court overruled the objection. The jury found appellant guilty of aggravated assault in a general verdict at the conclusion of the guilt phase, and then at punishment found that he did not use or exhibit a deadly weapon during the commission of the offense. The trial court rendered judgment convicting appellant of "aggravated assault serious bodily injury."

On appeal, appellant argues that the trial court should not have included a jury charge on aggravated assault by causing serious bodily injury because it is not a lesser included offense of aggravated robbery as charged in the indictment, which alleged bodily injury, not serious bodily injury, and by using or exhibiting a deadly weapon. The State agrees, citing *Hall v. State*, 225 S.W.3d 524, 531 (Tex. Crim. App. 2007) (stating that when a greater offense may be committed in more than one manner, the manner alleged determines the availability of lesser included offenses). We also agree that the charge contained error. *See id*.

The indictment alleged only bodily injury; it did not allege aggravated robbery by causing *serious* bodily injury. The penal code defines bodily injury as "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2013). It defines serious bodily injury as "bodily injury that creates a substantial risk of death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id*. § 1.07(a)(46). Bodily injury is included within the definition of serious bodily injury and, consequently, serious bodily injury cannot be a lesser included offense of bodily injury. *See Hall*, 225 S.W.3d at 531; TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006) (defining when an offense is a lesser included offense). Serious bodily injury also is not a lesser included offense of using or exhibiting a deadly weapon. *See Hall*, 225 S.W.3d at 531. We

conclude that the trial court abused its discretion by including in the jury charge an instruction on aggravated assault by causing serious bodily injury.

Because appellant objected to the inclusion of the instruction, he must show only that the error caused him some harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). The State concedes harm because the jury convicted appellant of aggravated assault by causing serious bodily injury, the very offense to which appellant objected. We agree appellant has shown some harm. We resolve issue one in appellant's favor. As a result, we do not need to reach issue two.

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)

121261F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TOMMY STONE, Appellant

No. 05-12-01261-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. F11-59672-Y.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause is **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 20th day of February, 2014.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE