PD-1515-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/29/2014 3:33:49 PM
Accepted 12/30/2014 10:41:24 AM
ABEL ACOSTA
CLERK

**Cause No. PD-1515-14**

In the Court of Criminal
Appeals of Texas

FILED IN
COURT OF CRIMINAL APPEALS

December 30, 2014

ABEL ACOSTA, CLERK

**Benjamin Jerome Prince**,
Petitioner

v.

**The State of Texas**,
Respondent

On Review from Cause No. 08-12-00290-CR
in the Eighth Court of Appeals
El Paso, Texas
(on Transfer from Fort Worth)

---

**State's Response to Appellant's Petition for Discretionary Review**

---

**Maureen Shelton**
Wichita County Criminal District Attorney

**Carey Jensen**
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24083252
Carey.Jensen@co.wichita.tx.us
900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 716-8530 fax

**Attorney for Respondent State of Texas**

**Oral Argument Not Requested**

**To the Court of Criminal Appeals:**

Pursuant to Rule 68.9 of the Rules of Appellate Procedure, the State submits its reply to Appellant's petition for discretionary review. The State makes this reply in order to briefly address argument set forth by Appellant in his petition.

## Statement Regarding Oral Argument

Because the record and briefing clearly reflects that there was no evidence to support any lesser-included jury instructions, the State feels oral argument is unnecessary.

## Argument

The State respectfully requests this Court deny Appellant's petition because Appellant failed to show a scintilla of evidence to support a jury instruction on any lesser-included offenses, as the Eighth Court of Appeals rightfully concluded.

### The Facts

Appellant brutally beat his child victim with a gun that he had just used to shoot another person.[1] When the gun slipped out of his hand and

---

[1] *Prince v. State*, No. 08-12-00290-CR, slip op. at 3, (Tex. App.—El Paso Oct. 17, 2014), *available at* http://www.search.txcourts.gov/SearchMedia.aspx?MediaID=18ad75ce-cae9-44cc-8881-3902b8bdf562

was lost, he continued to beat this child with a hammer until the child was dead.[2]

*Applicable Law*

The State agrees with Appellant that – as indicted – murder is a lesser-included offense of capital murder, and felony murder is a lesser included offense of murder.  Anything more than a scintilla of evidence may entitle a defendant to a charge on a lesser offense.[3]

*No evidence of a lesser-included offense*

As the El Paso Court of Appeals correctly analyzed, there was **no** evidence to support a jury instruction on either of the lesser-included offenses.

The autopsy revealed that the cause of death was a homicide, based on the severity of quantity of injuries, and "massive blunt force trauma to the head."[4]  Not only did the child have injuries consistent with being hit with a gun *and* a hammer, but injuries consistent with someone standing on his neck.[5]

There is absolutely no evidence that Appellant did not know that standing on a child's neck, beating the child in the head with a gun, and

---

[2]    *Id.*
[3]    *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007)
[4]    *Prince*, slip op. at 6.
[5]    *Id.*

3

then beating the child in the head with a hammer would cause death. There was no evidence presented that Appellant only intended to wound the child with this behavior. The inference that a use of a deadly weapon in a deadly manner can cause death is almost conclusive.[6]

When briefing the "scintilla" prong of the test, Appellant merely states that the "totality of the evidence presented at trial legitimately present more than a scintilla of evidence" to support the lesser-included instructions.[7] Appellant only points to the testimony that he acting in a "dissociative" state, and that the rage directed at the child was meant for the child's mother. However, a dissociative state does not render Appellant ignorant of the fact that beating a child repeatedly over the head with multiple hard objects would probably cause death.

Because there was no evidence that if Appellant was guilty, he was guilty of a lesser -included offense, the trial court did not err in denying the jury instruction, and the court of appeals did not err in overruling Appellant's issue on appeal.

---

[6]     *Adams v. State*, 886 S.W.2d 210, 215 (Tex. Crim. App. 1993).
[7]     Appellant's Brief at 15.

4

**Prayer**

The State prays that the Court deny Appellant's petition for discretionary review.

Respectfully submitted,

**Maureen Shelton**
Criminal District Attorney
Wichita County, Texas

/s/Carey Jensen
**Carey Jensen**
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24083252
Carey.Jensen@co.wichita.tx.us

900 Seventh Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 766-8177 fax

**Certificate of Compliance**

I certify that this document contains 557 words. The body text is in 14 point font, and the footnote text is in 12 point font.

/s/Carey Jensen

**Certificate of Service**

I certify that on December 29, 2014, a true and correct copy of the above document has been forwarded James Rasmussen and Julia Bella via electronic service to James.Rasmussen@co.wichita.tx.us and Julia.Bella@co.wichita.tx.us as well as the State Prosecuting Attorney, Lisa C. McMinn, via electronic service to information@spa.texas.gov.

/s/Carey Jensen