

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,258-05

### EX PARTE FRANCISCO GALLEGOS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 20160D03556-41-1 IN THE 41ST DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam.*

### O R D E R

Applicant was charged with indecency with a child by contact, pleaded guilty to injury to a child pursuant to a plea agreement, and was sentenced to five years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that when he pleaded guilty to injury to a child, he believed that he was pleading guilty to a separate offense, not a lesser-included offense of indecency with a child by contact, as set out in the judgment. He contends that the plea agreement was breached, his plea was involuntary, and trial counsel was ineffective.

On September 25, 2019, we remanded this application and directed the trial court to order

trial counsel and the prosecutor, Chanel Rizk, to respond to Applicant's claims. According to the supplemental record, trial counsel responded in a sworn affidavit, but nothing in the record indicates that Rizk responded. If she has not responded, the trial court shall order her to respond. The trial court may also order trial counsel to file a second response.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make further findings of fact and conclusions of law as to whether (1) Applicant pleaded guilty to an authorized lesser-included offense of indecency with a child by contact, as alleged in the indictment, *see Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007); (2) if Applicant did not plead guilty to an authorized lesser-included offense, trial counsel was deficient for advising Applicant that he was pleading guilty to a lesser-included offense; and (3) Applicant was prejudiced by counsel's alleged deficient conduct. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 29, 2020
Do not publish