

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. PD-1061-19

---

### ORLANDO ORTIZ, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### LA SALLE COUNTY

---

## NO. PD-1362-18

---

### DEWEY BARRETT, Appellant

### v.

### THE STATE OF TEXAS

---

### ON THE COURT'S OWN MOTION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### SMITH COUNTY

---

YEARY, J., filed a concurring and dissenting opinion.

### <u>CONCURRING AND DISSENTING OPINION</u>

As I understand it, the Court today holds categorically that simple assault can never be deemed a lesser-included offense of the aggravated version of that same offense enumerated in Section 22.01(b)(2)(B) of the Penal Code. TEX. PENAL CODE §§ 22.01(a)(1), 22.01(b)(2)(B). Simple assault is committed when an actor "intentionally, knowingly, or recklessly causes bodily injury to another[.]" TEX. PENAL CODE § 22.01(a)(1). The offense becomes aggravated when: (1) it is committed against a person with whom the actor has a particular familial relationship and (2) it is accomplished "*by* intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person *by* applying pressure to the person's throat or neck or by blocking the person's nose or mouth"—what the Court today calls "occlusion assault." TEX. PENAL CODE § 22.01(b)(2)(B) (emphasis added). I simply cannot agree that, as a matter of law, simple assault may never be a lesser-included offense of "occlusion assault."

The way I see it, the Court's opinion misses the kitten for the cat. One cannot become a cat without first being a kitten. And one cannot commit "occlusion assault" without first causing the bodily injury necessary to sustain a conviction for a simple assault. Stated another way, simple assault is an indispensable predicate to making out a case for "occlusion assault." And there is, therefore, no doubt that simple assault can be a lesser included offense of "occlusion assault."

 Presiding Judge Keller also disagrees with the Court. Like her—for many if not all of the reasons she explains in Part B of her dissent—I believe that "[t]he structure of the statute reveals occlusion to be an aggravating element that does not impact the unit of prosecution." Dissent of Presiding Judge Keller (hereinafter, "Dissent") at Part B, pp. 13

& 4–10, respectively. However, she would also "hold that 'bodily injury' includes all physical injuries sustained in a single [assaultive] transaction." *Id*. at 2. In my view, her approach would require a wholesale reconsideration of the Court's prior jurisprudence surrounding the nature of the offense known as assault. I am unprepared to go that far because I do not share her view that the relevant unit of prosecution for a simple assault offense is the overall assaultive "transaction" during which any resulting bodily injury occurs. Dissent at Part C, pp. 10–13. Instead, I would be more inclined to say that "bodily injury" includes any physical injury sustained as the result of a particular, discrete assaultive act, such as a punch or a kick—what I regard as the appropriate unit of prosecution for assault.

With that understanding, I still do not agree that simple assault cannot be a lesser included offense of "occlusion assault." The occlusion element of the aggravated offense in Section 22.01(b)(2)(B) is a nature-of-conduct type of element, requiring that the result-of-conduct element of simple assault—bodily injury—be caused in a particular way. *See Marshall v. State*, 479 S.W.3d 840, 846–47 (Tex. Crim. App. 2016) (Yeary, J., concurring and dissenting) ("This compound adverbial phrase, describing the particular way in which the third degree felony offense is committed, sets out a particular manner and means by which the actor must be found to have caused bodily injury before he may be convicted. It seems to me to describe a nature-of-conduct type of element which is necessary to the greater offense; but it remains nothing more than a particular manner and means by which the bodily injury must be caused. It need not always constitute bodily injury *itself*, however, before it may serve to justify a conviction for felony family assault."). Take away evidence that the bodily injury was accomplished in that particular way—that is, by occlusion—and

you may still have the lesser-included offense of simple assault: simple bodily injury caused in any *other* way than impeding breath or blood (it does not matter in *what* other way in a result-of-conduct type of offense like simple assault under Section 22.01(a)(1)).

Section 22.01(b)(2)(B) requires a jury finding that the defendant "caused bodily injury to" a family member, and that he did so in a particular way: "*by* . . . impeding the normal breathing or circulation of the blood of the person *by* applying pressure to the person's throat or neck or *by* blocking the person's nose or mouth." TEX. PENAL CODE § 22.01(b)(2)(B) (emphasis added). A defendant who applies pressure to the throat or neck but fails thereby to impede the circulation of blood, or who blocks the nose or mouth but fails thereby to impede normal breathing, may still have caused his family member pain or some other form of physical impairment like a contusion. If that is what the evidence shows, the defendant may be found not guilty of "occlusion assault," but a jury could still rationally convict him of the lesser-included offense of simple assault (since his family member still constitutes "another" for purposes of Section 22.01(a)(1)).

A lesser-included simple assault instruction might be called for if, for example, there was evidence in a given case to show that the defendant's assaultive act entailed the application of *some* degree of pressure to his family member's neck or throat, and that pressure was not enough to actually impede the normal breathing or circulation of the blood, but it was nevertheless enough to cause a minimum of "physical pain . . . or any impairment of physical condition." TEX. PENAL CODE § 1.07(8). Under this hypothetical scenario, simple assault would constitute a classic lesser-included offense under Article 37.09(1) of the Code of Criminal Procedure. It would be "established by proof of the same or less than all the facts required to establish the commission of the offense charged"—that

is, proof of bodily injury by exerting a degree of pressure upon the throat or neck, but not enough to actually impede normal breath or circulation of the blood. TEX. CODE CRIM. PROC. art. 37.09(1).

Moreover, depending on the facts, a strong argument might also be made that it would satisfy the definition of the lesser-included offense described by Article 37.09(2) of the Code of Criminal Procedure in that it would "differ[] from the offense charged only in the respect that a less serious injury . . . to the same person . . . [would] suffice[] to establish its commission[.]"). . See TEX. CODE CRIM. PROC. art. 37.09(2). The Court is mistaken wholly to foreclose that contingency.

By this understanding, the court of appeals in *Ortiz* was correct to conclude that the lesser-included instruction for simple assault was warranted. *Ortiz v. State*, No. 04-18-00430-CR, 2019 WL 4280074 (Tex. App.—San Antonio Sep. 11, 2019) (mem. op., not designated for publication). There, the appellant was charged with choking his former girlfriend. He "admitted he restrained [her] with both of his hands around her neck[,]" but he "denied squeezing [her] neck or attempting to choke her." *Id*. at *2. The girlfriend, however, had bruising on her neck. *Id*. at *3. From this evidence a jury might rationally have found that the appellant's discrete assaultive act of placing his hands around the victim's neck caused her some bodily injury without ever having impeded her breath or blood circulation, making him guilty only of the lesser-included offense of simple assault. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). For that reason, I dissent to the reversal of the court of appeals' judgment in *Ortiz*.

On the other hand, I agree with the Court that the court of appeals' judgment in *Barrett* should be affirmed. *Barrett v. State*, No. 12-18-00023-CR, 2018 WL 4907822

(Tex. App.—Tyler Oct. 10, 2018) (mem. op., not designated for publication). Also charged with occlusion assault, the appellant in *Barrett* denied he ever choked his wife, but he admitted to having punched her in the face several times, and he argued that the jury might have found him guilty only of that simple assault. *Id*. at *1–2. But punching his wife in the face several times constituted a different assault (several different assaults, in fact) than choking her, in my view, and evidence of these discrete assaults did not constitute lesser-included offenses of the assault alleged in the indictment,[1] nor does the evidence suggest that any injuries sustained by punching were "less serious" than the injury alleged to have been sustained by choking.[2] For this reason, I concur in the Court's judgment affirming the court of appeals in *Barrett*.

I respectfully concur in part (*Barrett*) and dissent in part (*Ortiz*).

FILED:           March 10, 2021
PUBLISH

---

[1] TEX. CODE CRIM. PROC. art. 37.09(1) ("An offense is a lesser included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]").

[2] TEX. CODE CRIM. PROC. art. 37.09(2) ("An offense is a lesser included offense if: . . . (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission[.]"). As I have previously explained, while an "occlusion assault" is undoubtedly a felony and simple assault is only a misdemeanor, I understand the aggravating factors which establish an "occlusion assault" to affect only the "particular manner and means by which the actor must be found to have caused bodily injury[,]" not the injury itself. *See Marshall*, 479 S.W.3d at 846–47 (Yeary, J., concurring and dissenting). An injury that is sufficient to sustain a conviction for felony "occlusion assault," therefore, need not necessarily be any more "serious" than the bodily injury that would sustain a conviction for simple assault.